# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Republic Bank of Chicago,** | ) | |
| Plaintiff, | ) | Case No: 13 C 6835 |
| | ) | |
| v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| | ) | |
| **Michael K. Desmond, Trustee, and** | ) | |
| **Delta Trading Company, Inc.,** | ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, Republic's motion to dismiss the amended counterclaim [33] is denied. The Trustee's motion for interim payment of use and occupancy [24] is granted in the amount of $20,000.00 per month. The Trustee is directed to draft and provide to Republic's counsel a proposed order within 10 days of the date of entry of this order with the appropriate directions and information for Republic to make the interim payments. The Trustee shall then file a copy of the proposed order with a brief statement indicating whether it has been approved by Republic. If it has not, the statement shall include a description of Republic's objections to the proposed order.

## STATEMENT

On April 21, 2014, the Court granted the Trustee's motion for summary judgment regarding Republic's adversary complaint seeking a declaration that it, as assignee of the lease at issue ("Lease"), timely and properly exercised the purchase option contained in the Lease and the Trustee should be compelled to specifically perform and convey the property at issue ("Property") to Republic. The Court concluded that the purchase option was not assignable and thus, Republic could not exercise the option. In his amended counterclaim, the Trustee alleges

that on October 10, 2012, he sent a letter to Republic Bank pursuant to § 12 of the Lease indicating that he was electing to treat Republic Bank as a holdover tenant on a month-to-month tenancy at double the monthly base rent then paid under the express terms of the Lease, or $52,190.92. (Am. Counterclaim, Dkt. # 23, ¶ 9.) The amended counterclaim contains three counts: Count I alleges that Republic breached the terms of the Lease by failing to pay the Trustee all amounts due under the Lease as a holdover tenant since October 1, 2012; Count II seeks a judgment in favor of the Trustee for possession of the Property under the Forcible Entry and Detainer Act, 735 Ill. Comp. Stat. 5/9-101, *et seq.*, and damages against Republic for rent as a holdover tenant; and Count III seeks judgment against Republic for statutory damages (*i.e.*, double yearly rent) for willful holdover under the Illinois holdover statute, 735 Ill. Comp. Stat. 5/9-202. Republic moves to dismiss all three counts.

As to the first count, that Republic has breached the Lease by failing to pay rents due as a holdover tenant, Republic contends that § 12 of the Lease, which governs holdover tenancy, is unenforceable as a penalty. Specifically, § 12 states in relevant part:

> If Lessee retains possession of the Premises or any part thereof after the termination of the term by lapse of time or otherwise, then Lessor may at its option within thirty days after termination of the term serve written notice upon Lessee that such holding over constitutes either (a) renewal of this lease for one year, and from year to year thereafter, at double the rental (computed on an annual basis) specified in Section 1, or (b) creation of a month to month tenancy, upon the terms of this lease except at double the monthly rental specified in Section 1, or (c) creation of a tenancy at sufferance, at a rental of 150.00 dollars per day, for the time Lessee remains in possession. If no such written notice is served then a tenancy at sufferance with rental as stated at (c) shall have been created. Lessee shall also pay to Lessor all damages sustained by Lessor resulting from retention of possession by Lessee.

(Am. Counterclaim, Dkt. # 23, Ex. 1, Lease, at § 12.)

In *Stride v. 120 W. Madison Bldg. Corp.*, 477 N.E.2d 1318, 1321 (Ill. App. Ct. 1985), the

2

court noted:

> The general rule of contracts that a plaintiff is only entitled to recover damages to the extent of his injury is applicable to cases of breach of a lease. Where damages are difficult to ascertain, the parties may specify a particular sum as liquidated damages. However, if the clause fixing damages is merely to secure performance of the agreement, it will be treated as a penalty and only actual damages proved can be recovered. In doubtful cases, we are inclined to construe the stipulated sum as a penalty.

*Id.* (internal citations omitted). "The determination of whether a contractual provision for damages is a valid liquidated damages provision or a penalty clause is a question of law" but "each one must be evaluated by its own facts and circumstances." *Grossinger Motorcorp, Inc. v. Am. Nat. Bank and Trust Co.*, 607 N.E.2d 1337, 1345 (Ill. App. Ct. 1992). In construing these provisions, "courts lean toward a construction which excludes the idea of liquidated damages and permits the parties to recover only damages actually sustained." *Id.* (internal quotation marks and citation omitted). As noted by the *Grossinger* court:

> [C]ourts will generally find a liquidated damages provision to be valid and enforceable in a real estate contract, when: (1) the parties intended to agree in advance to the settlement of damages that might arise from the breach; (2) the amount of liquidated damages was reasonable at the time of contracting, bearing some relation to the damages which might be sustained; and (3) actual damages would be uncertain in amount and difficult to prove.

*Id.* at 1345-46.

Here, the Court agrees that § 12 is unenforceable as a penalty. First, § 12 of Lease states that in addition to the rent elected by the Lessor, "Lessee shall also pay to Lessor all damages sustained by Lessor resulting from retention of possession by Lessee." This statement indicates that the parties believed that the amount of damages is ascertainable and thus the double rent provision is intended to secure performance and constitutes a penalty. *Stride,* 477 N.E.2d at 1321 (noting that relevant lease provision "by its express terms, allows the lessor to recover 'all

3

damages sustained by reason of the Lessee's retention of possession' . . . . [which] evidences the parties' belief that such damages are ascertainable" and thus the provision for double rent was a penalty). Moreover, the quoted language requiring the lessee to pay all damages sustained by the lessee, in addition to the liquidated damages, "leaves the door wide open to [Lessor] to prove actual damage in addition to the so called liquidated damage. This is no settlement at all and it permits the [Lessor] to have his cake and eat it too." *Grossinger*, 607 N.E.2d at 1347 (internal quotation marks and citation omitted).

Further, the fact that § 12 allowed the Lessor to choose how it would treat the Lessee and the amount of rent it would charge evidences that the parties did not intend to set a specific amount as damages. *Id.* at 1346 (finding liquidated damages provision to be a penalty where "[o]n its face, the optional nature of the liquidated damages clause shows that the parties never intended to establish a specific sum to constitute damages in the event of a breach").

Finally, § 12 states that "[i]f Lessee retains possession of the Premises *or any part thereof* after the termination," then the liquidated damages provisions apply. As noted by another court in this district, such language "must be considered punitive because it requires the payment of double rent regardless of that portion of the leased premises occupied by the tenant." *Resolution Trust Corp. v. Am. Nat. Bank and Trust Co.*, No. 92 C 6151, 1994 WL 374279, at *5 (N.D. Ill. July 12, 1994) (double rent clause was impermissible penalty because "[d]oubling the damages provided by such a clause . . . cannot be said to approximate the lessor's anticipated or actual damages").

Contrary to the Trustee's position, for the reasons stated above, the determination in this case as to whether § 12 is an enforceable liquidated damages clause or an invalid penalty clause

4

need not wait until summary judgment or trial. Although the Court has held that the double rent provision of § 12 of the Lease is an unenforceable penalty, the Trustee is still entitled to seek actual damages under that provision. *Stride*, 477 N.E.2d at 1321 ("[I]f the clause fixing damages is merely to secure performance of the agreement, it will be treated as a penalty and only actual damages proved can be recovered"). Therefore, the Court declines to dismiss Count I.

Count II seeks possession of the Property under the Illinois Forcible Entry and Detainer Act ("Act") and alleges that the Trustee complied with all requirements of the Act, including serving a five days' notice based on his election of double rent under § 12 of the Lease. From what the Court can ascertain, Republic's position is that because the double rent provision is unenforceable, then the Trustee has failed to strictly comply with the requirements of the Act. Republic, however, has failed to cite to any authority supporting this proposition. Therefore, the motion to dismiss Count II is denied.

As to Count III, which is a claim for double rent under the willful holdover statute, Republic contends that it is not a willful holdover as a matter of law. Specifically, the relevant section of the Illinois statute states:

> Wilfully holding over. If any tenant or any person who is in or comes into possession of any lands, tenements or hereditaments, by, from or under, or by collusion with the tenant, wilfully holds over any lands, tenements or hereditaments, after the expiration of his or her term or terms, and after demand made in writing, for the possession thereof, by his or her landlord, or the person to whom the remainder or reversion of such lands, tenements or hereditaments belongs, the person so holding over, shall, for the time the landlord or rightful owner is so kept out of possession, pay to the person so kept out of possession, or his or her legal representatives, at the rate of double the yearly value of the lands, tenements or hereditaments so detained to be recovered by a civil action.

735 Ill. Comp. Stat. 5/9-202.

While Republic may have had a colorable claim to the property while the issue of the

assignability of the purchase option in the Lease was being litigated (the Court does not opine on the issue at this time), at least as of April 24, 2014, when this Court ruled that the purchase option was not assignable (and thus, Republic could not purchase the Property and was therefore a tenant), the Trustee has stated a claim for double rent under § 5/9-202. Republic's assertion that this claim must be dismissed because the April 24, 2014 order is interlocutory is unpersuasive. The motion to dismiss Count III is denied.

The Trustee has also moved for payment of use and occupancy of the Property retroactive to October 1, 2012, when the Lease expired. Under the Forcible Entry and Detainer Act, "[t]he owner of lands . . . may sue for and recover rent therefor, or a fair and reasonable satisfaction for the use and occupation thereof . . . [w]hen lands are held and occupied by any person without any special agreement for rent." 735 Ill. Comp. Stat. 5/9-201(2). According to the Trustee's request, this is an interim request for payment of use and occupancy and any final judgment can be adjusted to reflect subsequent rulings by the Court. He seeks $26,095.46 per calendar month based on the last applicable monthly rent due under the Lease. *In re Schnabel*, 612 F.2d 315, 318 (7th Cir. 1980) ("In the absence of evidence of reasonable value for the use and occupancy of the premises it is presumed that the proper compensation for use and occupancy is the amount of rent fixed in the lease.").

Republic contends that the amount sought "is far in excess of the reasonable rental value of the Property" according to an appraiser's report it recently obtained, and asserts that the proper market rate of monthly rent for the Property is $15,440.00 per month. The Trustee contends that the appraiser's report is inadequate and unreliable because it fails to comply with the Uniform Standards of Professional Appraisal Practices or the requirements of the Federal

6

Rules of Civil Procedure regarding expert reports. Fed. R. Civ. Proc. 26(a)(2) (expert report must contain a "complete statement of all opinions the witness will express and the basis and reasons for them"). The Trustee also asserts that the appraiser's report is inadmissible hearsay under the Federal Rules of Evidence.

The Court will not attempt to definitively resolve the issue of a fair and reasonable rental value for the Property at this juncture and instead will refer the matter to the magistrate judge for an evidentiary hearing and any other proceedings necessary to resolution of the issue. In the interim, as an approximation of the fair and reasonable rental value of the Property, the Court directs Republic to make monthly payments of $20,000.00 for the period from October 1, 2012 to the date of resolution of the Trustee's claim for possession.

Republic's contention that any interim payments should be ordered to be paid prospectively is unpersuasive. According to Republic, it paid the real estate taxes, insurance and maintenance on the Property; thus, it argues, the Property "has not been a financial burden to the Debtors' Estate." (Am. Resp., Dkt. # 30, ¶ 18.) This point, of course, ignores that the Estate has not received any rent for the Property for almost two years. Absent any argument or evidence that the Trustee, on behalf of the Estate, is not entitled to this rent, Republic's position fails. Republic's next proposition, that interim payments should be solely prospective because its Rule 59 motion for reconsideration of the Court's summary judgment order has not been ruled on is moot given that the Court denied the motion on June 9, 2014. (Dkt. # 32.) Finally, Republic's assertion that it would be "manifestly unjust" to grant the Trustee his entire claim prior to resolution of the amended counterclaim is unconvincing in light of this Court's denial of Republic's motion to dismiss the amended counterclaim and the fact that the Estate has not

received any rent since October 1, 2012. In addition, the Court's order regarding the payments to be made by Republic is not intended as a final judgment on the Trustee's claim and is only intended as an approximation of the rental value during the relevant time period.

Republic's request that the rental payments be placed in a segregated escrow account is denied. As an officer of the Court and a United States Trustee, the Trustee is subject to certain strictures regarding record keeping and reporting of the Estate's funds and must obtain an order from the Bankruptcy Court prior to disbursing any funds. The Trustee is further directed to provide notice to this Court of any motion for disbursement of the Estate's funds.

For the reasons stated above, Republic's motion to dismiss the amended counterclaim is denied. The Trustee's motion for interim payment of use and occupancy is granted in the amount of $20,000.00 per month. The Trustee is directed to draft and provide to Republic's counsel a proposed order within 10 days of the date of entry of this order with the appropriate directions and information for Republic to make the interim payments. The Trustee shall then file a copy of the proposed order with a brief statement indicating whether it has been approved by Republic. If it has not, the statement shall include a description of Republic's objections to the proposed order.

**Date**: August 11, 2014

_____
**United States District Judge**
**Ronald A. Guzmán**