**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

IN RE:

R&G PROPERTIES,

                    Debtor,

_____

REPUBLIC BANK OF CHICAGO,

                    Plaintiff,

v.

MICHAEL K. DESMOND, not individually
but as Trustee, and DELTA TRADING
COMPANY, INC., an Illinois corporation,

                    Defendants.

_____

MICHAEL K. DESMOND, not individually,
but solely in his capacity as Chapter 7 Trustee,

                    Counterplaintiff,

v.

REPUBLIC BANK OF CHICAGO,

                    Counterdefendant.

|

CHAPTER 7

Case No. 09 B 37463

Judge A. Benjamin Goldgar

Adv. No. 12 A 1491


Case No. 13 CV 6835

Judge John Robert Blakely

Magistrate Judge Susan Cox

## MEMORANDUM IN SUPPORT OF MOTION BY DEFENDANT DELTA TRADING COMPANY FOR ENTRY OF FINAL JUDGMENT

Defendant Delta Trading Company, Inc., by its attorneys, Richard H. Fimoff and Richard Lee Stavins, submits this memorandum in support of its motion, pursuant to FED.R.CIV.P. 54(b), to direct entry of final judgment on the summary judgment order entered on April 21, 2014.

### FACTS

This is an adversary proceeding filed in the U.S. Bankruptcy Court by the plaintiff, Republic Bank of Chicago ("Republic"). (Dkt. No. 1) Trustee Michael K. Desmond is the duly

appointed Chapter 7 trustee of the bankruptcy estate of the debtor, R&G Properties. The debtor owned the real property located at 5700 N. Central Avenue in Chicago (the "Property"). On September 30, 2012 and at all times relevant hereto, plaintiff Republic was in possession of the Property pursuant to a written Lease assumed by Republic from the FDIC as receiver for a failed bank (the "Lease"). Movant Delta Trading Company, Inc. ("Delta") is the mortgagee under the first mortgage on the Property. The loan balance is in excess of $5 million and is delinquent and overdue.

On September 30, 2012, the Lease assumed by Republic expired by its terms. On October 1, 2012, Republic filed the instant adversary complaint against the Trustee and Delta (Dkt. No. 1) seeking a declaratory judgment that it properly exercised an option in the Lease to purchase the Property, and an order compelling the Trustee to convey the Property to it. On November 12, 2012, the Trustee filed a counterclaim against Republic seeking damages for breach of the Lease, possession of the Property, and damages resulting from its holdover tenancy of the Property from October 1, 2012. The reference was withdrawn by order dated November 3, 2013, docketed May 1, 2014. (Dkt. No. 73)

Thereafter, Republic and the Trustee filed cross motions for summary judgment on Republic's adversary complaint. On April 21, 2014, Judge Ronald Guzman granted the Trustee's motion for summary judgment and denied Republic's motion for summary judgment. The Court found that the language of the option to purchase precluded its assignment, and therefore Republic, as assignee of the Lease, could not exercise the option. (Dkt. No. 16) Although the order disposed of all of Repubic's claims, it did not dispose of the Trustee's counterclaim. There was no Rule 54(b) direction to enter final judgment. On May 21, 2014, the Trustee filed an amended counterclaim, which remains pending. (Dkt. No. 23)

On March 10, 2015, the automatic stay in the R&G bankruptcy having been lifted, Delta filed a mortgage foreclosure suit as Case No. 15 CH 4004 in the Circuit Court of Cook County, Illinois, against Republic, the Trustee and others, to foreclose its mortgage on the Property. (Compl., attached as Exh. A) That state court action remains pending. On May 28, 2015, Republic filed a motion to dismiss that mortgage foreclosure action, pursuant to 735 ILCS 5/2-619(3). (Motion, attached as Exh. B, with attachments omitted for the sake of brevity) The basis of Republic's motion to dismiss is that there allegedly is "another action pending for the same cause." (Exh. B) That "other action pending" is alleged to be this adversary proceeding (case No. 13 CV 6835).

## THE ISSUE

The April 21, 2014 summary judgment order did not dispose of all claims in this litigation. The Trustee's amended counterclaim remains pending. Therefore, the summary judgment entered on April 21, 2014 is not final. As a consequence of not being final, that order is not appealable, not enforceable, and not entitled to *res judicata* effect. *Bank of Lincolnwood v. Federal Leasing, Inc.*, 622 F.2d 944, 949, fn. 7 (7th Cir. 1980). It just sits there until the remaining counts of the counterclaim are adjudicated with finality. Republic contends in the state court proceeding that because the summary judgment is not a final order it allegedly is "another action pending for the same cause," within the meaning of 735 ILCS 5/2-619(3), so that the mortgagee's effort to foreclose its mortgage purportedly must be dismissed.

Although Delta contends that this litigation is not another action pending within the meaning of 735 ILCS 5/2-619(3), if it is, then the state court judge might dismiss the mortgage foreclosure action. That would mean that Delta would be unable to foreclose its multi-million dollar mortgage so long as the Trustee's counterclaim in this case, or any other claim, is pending

or subject to an appeal -- which it might be for a substantial period of time, as the remaining issues are vigorously contested by Republic.

The dilemma is obvious: According to Republic, Delta's mortgage cannot be foreclosed, the Property cannot be sold and Delta's debt will continue to mount, unless and until the summary judgment entered in this case becomes final and therefore has *res judicata* effect. If there is no Rule 54(b) order, that could be an indefinite delay. Delta's costs to maintain the Property continue to mount, but the Property cannot be sold to satisfy the debt.

## ARGUMENT

The dilemma described above can be overcome by this Court making the summary judgment order a final judgment, in accordance with Rule 54(b), FED.R.CIV.P. Rule 54(b) says: "When an action presents more than one claim for relief -- whether as a claim, counterclaim, crossclaim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

This means that if the district court expressly determines that there is no just reason for delay of an order that disposes of less than all claims as to all parties, and expressly directs entry of judgment, the order immediately becomes final and appealable under 28 U.S.C. §1291. *Seatrain Shipbuilding Corp. v. Shell Oil Co.*, 444 U.S. 572, 583-84, 100 S.Ct. 800, 807 (1980). It also means that the order becomes enforceable and has *res judicata* effect. *Bank of Lincolnwood*, 622 F.2d at 949, fn. 7; *Local P-171, Amalgamated Meat Cutters and Butcher Workmen of North America v. Thompson Farms Co.*, 642 F.2d 1065, 1069, fn 4. (7th Cir. 1981). With such finality and *res judicata* effect bestowed on the April 21, 2014 summary judgment, it no longer could be "another action pending," and the dilemma would be solved.

Exercise by this Court of its discretion to enter a Rule 54(b) in this case would be proper under the guidelines established by the Supreme Court and the Court of Appeals for the Seventh Circuit. "Rule 54(b) permits district courts to authorize immediate appeal of dispositive rulings on separate claims in a civil action raising multiple claims." The rule was adopted "to avoid the possible injustice of delaying judgment on a distinctly separate claim pending adjudication of the entire case." *Gelboin v. Bank of America Corp.*, ___ U.S. ___, 135 S.Ct. 897, 902 (2015). Without a Rule 54(b) order, there will continue to be a substantial injustice in the instant case.

Separate claims for Rule 54(b) purposes can arise out of the same transaction and can overlap in important respects. *Local P-171, Amalgamated Meat Cutters and Butcher Workmen of North America*, 642 F.2d at, 1070. To be separate claims, they must involve the possibility of separate recovery and must not run afoul of the rule against claim-splitting. *Id.*

A Rule 54(b) order is appropriate on a claim if the remaining claims are sufficiently separate, meaning, at the least, that, "separate recovery is possible on each…. [M]ere variations of legal theory do not constitute separate claims…. Nor are claims so closely related that they would fall afoul of the rule against splitting claims if brought separately." *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008).

In the case at bar, the often-difficult question as to whether separate counts by one litigant constitute separate claims is not present. *Indiana Harbor Belt R. Co. v. American Cyanamid Co.*, 860 F.2d 1441, 1444 (7th Cir. 1988). All claims by litigant Republic were adjudicated in the summary judgment order in question. It is only because of the Trustee's counterclaims that there is a 54(b) issue.

The presence of a counterclaim does not automatically prohibit a 54(b) certification. *Curtis-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 9, 100 S.Ct. 1460, 1465 (1980). The

significance of a counterclaim for Rule 54(b) purposes turns on the inter-relationship of the counterclaim with the claims on which entry of final judgment is sought. *Curtiss-Wright*, 446, U.S. at 9; *Lottie v. W. Am. Ins. Co.*, 408 F.3d 935, 938-39 (7th Cir. 2005) ("We have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court.") Accordingly, only if the factual overlap of the remaining counterclaim and the disposed of claims is so extensive that the reviewing court could face a substantial prospect of piecemeal repetitive appeals then certification under Rule 54(b) is inappropriate. *Automatic Liquid Packaging, Inc. v. Dominik*, 852 F.2d 1036, 1038 (7th Cir. 1988). We do not have that scenario in the case at bar.

A proper Rule 54(b) order requires the District Court to make two determinations: (1) that the order in question was truly a final judgment, and (2) that there is no just reason to delay the appeal of the claim that was finally decided. *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 435-37, 76 S.Ct. 895 (1956). Rule 54(b) appeals are "generally limited to situations where one of multiple claims is fully adjudicated -- to spare the court of appeals from having to keep relearning the facts of a case on successive appeals. If there are different facts (and of course different issues) consideration of the appeals piecemeal rather than all at once will not involve a duplication in the efforts required of the judges to prepare for argument in, and to decide, each appeal." *Marseilles Hydro Power*, 518 F.3d at 464; *Jack Walters & Sons Corp. v. Morton Bldg., Inc.*, 373 F.2d 698, 702 (7th Cir. 1984).

Two distinct claims are considered one for purposes of Rule 54(b) if they "have a significant factual overlap" such that a decision on the merits of one would be *res judicata* as to the other. *Automatic Liquid Packaging, Inc. v. Dominik*, 852 F.23d 1036, 1037 (7th Cir. 1988);

*Nat'l Metalcrafters v. McNeil*, 784 F.2d 817, 821 (7th Cir. 1986). In the case at bar, there is no such overlap.

Factors that may be considered in determining whether a Rule 54(b) finding is appropriate include, but are not limited to: (1) The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Bank of Lincolnwood*, 622 F.2d at 949.

The factual distinction between the retained and appealed claims must be weighed, for otherwise the Court of Appeals may be forced to analyze the same facts in successive appeals. *ITOFCA, Inc. v. Mega Trans Logistics, Inc.*, 235 F.3d 360, 364 (7th Cir. 2000). For a finding of factual distinction, a party cannot merely give different legal characterizations to the same facts, such as alleging a set of facts as a breach of contract and as a breach of a statutory duty, or as a violation of federal and of state securities laws, or as a fraud and as mutual mistake. *Olympia Hotels Corp., v. Johnson Wax Development Corp.*, 908 F.2d 1363, 1367 (7th Cir. 1984). If, however, these claims arise from a single dispute or factual setting, and there is some but not complete factual overlap between the separate claims, then the District Court may exercise its discretion and determine that the claims are separate. *Id.* The Court of Appeals in *Olympia Hotels* found that even though the two sets of claims arise out of the same transaction, a

management contract, the pertinent facts bearing on liability, damages, and ultimate relief were different, allowing for a Rule 54(b) order. *Olympia Hotels Corp.*, 908 F.2d at 1367.

In an assessment of the equities, a court may consider whether a delay in the finality of the claim would be prejudicial to a party. *Curtiss-Wright*, 446 U.S. at 11. A Rule 54(b) order is appropriate for the entry of judgment on the principal claim of the suit while reserving disposition of a counterclaim that may require a longer time to resolve. *Olympia Hotels Corp.*, 908 F.2d at 1368; *FDIC v. Elefant*, 790 F.2d 661, 664 (7th Cir. 1986). In *Curtis-Wright Corp.*, one of the equities which the District Court considered was the various debts in issue, which were liquidated and large. The judge determined that a delay was unjust because absent Rule 54(b) certification the debts would not be paid for many months, if not years, because the rest of the litigation would be expected to continue for that period of time. *Curtiss-Wright*, 446 U.S. at 11. The Supreme Court affirmed the District Court's entry of a Rule 54(b) final judgment.

In the case at bar, Republic's claim in its adversary complaint, that it had a valid option to purchase the Property, was fully and completely adjudicated in the summary judgment order. . The claims in the Trustee's amended counterclaim are that Republic breached the Lease, and thatthe Trustee should be granted possession of the Property and damages due to Republic's holdover occupancy of the Property. The Trustee's claims and Republic's claim are not inseparable, are not closely related and can be decided independently of each other. Accordingly, there would be no abuse of discretion if this Court granted the relief now sought by movant Delta in the instant motion. *Sears Rosebuck & Co. v. Mackey*, 351 U.S. 427, 436, 76 S.Ct. 895, 900. (1956).

Under the standards expressed above, a Rule 54(b) order of finality is definitely appropriate and necessary. Here, the claims which are adjudicated (Republic's complaint for

declaratory judgment) and unadjudicated (the Trustee's amended counterclaim) are essentially unrelated. Republic's complaint related to the assignability of an option to purchase. The Trustee's amended counterclaim relates to a breach of the Lease and a holdover. The need for review of the summary judgment on Republic's complaint will not be mooted by future developments in adjudicating the counterclaims. There is no possibility that the Trustee's amended counterclaim could result in a setoff against a money judgment entered on the complaint, because no money judgment was entered on the complaint. There are substantial factual differences between the complaint and the counterclaim. One relates to assignability of an option. The other relates to breach of the Lease and a holdover.

Finally, delay in finality of the summary judgment order will result in substantial prejudice to Delta, because absent a Rule 54(b) order, its mortgage may not be foreclosable until the Trustee's amended counterclaim is finally adjudicated.

## CONCLUSION

For the foregoing reasons, defendant Delta Trading Company, Inc. prays the Court make the appropriate finding that there is no just reason to delay, and order that the summary judgment order entered on April 21, 2014 is a final judgment.

Respectfully submitted,

/s/ Richard H. Fimoff
One of the attorneys for Defendant,
Delta Trading Co., Inc.

**Richard H. Fimoff**
**ARDC #804886**
**rfimoff@rsplaw.com**
**Richard Lee Stavins**
**ARDC #2710099**
**rstavins@rsplaw.com**
**Robbins, Salomon & Patt, Ltd.**
*Attorneys for Defendant Delta Trading Company, Inc.*

180 North LaSalle, Suite 3300
Chicago, Illinois 60601
(312) 782-9000

## PROOF OF SERVICE

The undersigned certifies that on June 23, 2015, the foregoing motion was filed with the Court using the Court's CM/ECF system, which will send notice to the following CM/ECF participants:

Edward P. Freud
Michael B. Bregman
Ruff, Weidenaar & Reidy, Ltd.
222 North LaSalle Street, Suite 700
Chicago, IL 60601
(312) 602-4890
epfreud@rwrlaw.com

Michael K. Desmond,
not individually but as Trustee
Figliulo & Silverman, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, IL 60603
(312) 251-4600
mdesmond@fslegal.com

William G. Cross
Figliulo & Silverman, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, IL 60603
(312) 251-4600
wcross@fslegal.com

James. R. Figliulo
Figliulo & Silverman, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, IL 60603
(312) 251-4600
jfigliulo@fslegal.com

Marc S. Porter
Figliulo & Silverman, P.C.
10 S. LaSalle Street, Suite 3600
Chicago, IL 60603
(312) 251-4600
mporter@fslegal.com

/s/  Richard H. Fimoff

Exhibit A
Complaint to Foreclose Mortgage

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

| | | |
|---|---|---|
| DELTA TRADING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | No. *15 CH 4004* |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | 5700 N. Central Ave. |
| R & G PROPERTIES, an Illinois General | ) | Chicago, Illinois 60646 |
| Partnership, CITY OF CHICAGO; MICHAEL | ) | |
| K. DESMOND, not individually, but in his | ) | |
| capacity as Bankruptcy Trustee in *In re Estate of* | ) | |
| *R & G Properties*, Case No. 09-37463; REPUBLIC | ) | |
| BANK; UNKNOWN OWNERS, and | ) | |
| NON-RECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>COMPLAINT TO FORECLOSE MORTGAGE</u>

Plaintiff Delta Trading Company ("Plaintiff"), by its attorneys, Robbins, Salomon & Patt,

Ltd., for its Complaint to Foreclose Mortgage, states and alleges as follows:

1. Plaintiff files this Verified Complaint to foreclose the mortgage hereinafter

described pursuant to the Illinois Mortgage Foreclosure Law (735 ILCS 5/15-101 *et seq.* (West

2014)), and joins the following persons as defendants:

> R & G PROPERTIES, an Illinois General Partnership
> CITY OF CHICAGO
> MICHAEL K. DESMOND, not individually, but in his capacity as Bankruptcy Trustee in
> *In re estate of R & G Properties*, Case No.09-37463 in the Northern District of Illinois;
> REPUBLIC BANK
> UNKNOWN OWNERS
> NON-RECORD CLAIMANTS.

2. Attached hereto as **Exhibits A, B and C**, respectively, are true and correct copies

of the Mortgage recorded with the Cook County Recorder as Document No. 0614222176 (the

"Mortgage"), the Assignment of Mortgage recorded with the Cook County Recorder of Deeds as

Doc. No. 1028556018 ("Assignment of Mortgage") and the Note secured thereby (the "Note").

3.      Information concerning Mortgage:

(A)     Nature of instruments:
        MORTGAGE
        ASSIGNMENT OF MORTGAGE

(B)     (i)     Date of Mortgage:
                March 20, 2006

        (ii)    Date of Assignment of Mortgage
                June 30, 2010

(C)     Name of Mortgagor:
        R&G PROPERTIES

(D)     (i)     Name of Original Mortgagee:
                M&I MARSHALL & ILSEY BANK

        (ii)    Name of Current Mortgagee:
                DELTA TRADING COMPANY

(E)     Date and place of recording:
                MORTGAGE:
                        Date:   May 22, 2006
                        Place:  Recorder of Deeds of Cook County, Illinois

                ASSIGNMENT OF MORTGAGE:
                        Date:   October 12, 2010
                        Place:  Recorder of Deeds of Cook County, Illinois

(F)     Identification of recording:
                MORTGAGE
                        Document No. 0614222176

                ASSIGNMENT OF MORTGAGE
                        Document No. 1028556018

(G)     Interest subject to the Mortgage:
                FEE SIMPLE

(H)     Amount of original indebtedness and subsequent advances:
                ORIGINAL INDEBTEDNESS: $8,077,540.00
                SUBSEQUENT ADVANCES:      $0

(I)     Legal description and common address of the mortgaged premises:

LOTS 1, 2, 3, 4, 5, 6 AND 7 BLOCK 5 IN MILLS AND VESEY'S GLADSTONE PARK ADDITION, BEING A SUBDIVISION OF THAT PART OF THE WEST ½ OF THE NORTHEAST ¼ OF SECTION 8, TOWNSHIP 40 NORTH, RANGE 13, LYING EAST OF THE CENTER LINE OF MILWAUKEE AVENUE, ALSO A RESUBDIVISION OF THAT PART OF CARPENTER'S SUBDIVISION OF THE EAST ½ OF THE SOUTHEAST FRACTIONAL ¼ OF FRACTIONAL SECTION 5, TOWNSHIP 40 NORTH, RANGE 13, LYING BETWEEN THE CENTERS OF MILWAUKEE AVENUE AND ELSTON AVENUE EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS
AND
LOTS 8, 9, 10, 11 AND 12 IN BLOCK 5 IN MILLS AND VESSEY'S GLADSTONE PARK ADDITION, BEING A SUBDIVISION OF THAT PART OF THE WEST ½ OF THE NORTHEAST ¼ OF SECTION 8, TOWNSHIP 40 NORTH, RANGE 13, LYING EAST OF THE CENTER LINE OF MILWAUKEE AVENUE, ALSO A SUBDIVISION OF THAT PART OF CARPENTER'S SUBDIVISION OF THE EAST ½ OF THE SOUTHEAST FRACTIONAL ¼ OF FRANCTIONAL SECTION 5 TOWNSHIP 40 NORTH, RANGE 13, LYING BETWEEN THE CENTERS OF MILWAUKEE AVENUE AND ELSTON AVENUE, EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS

The Subject Property (which is not "residential real estate" as such term is defined in 735 ILCS 5/15-1219) is located at 5700 N. Central Ave., Chicago, Illinois, and has a PIN of:
13-05-425-011 (lots 1, 2, 3, 4 and 5)
13-05-425-003 (lot 6)
13-05-425-010 (lot 7)
13-05-425-001 (part of lot 9 and all of lots 10 and 11)
13-05-425-009 (lot 8 and part of lot 9)
13-05-425-008 (lot 12)

_____.

(J)    Statement as to default and amount due as of January 31, 2014:

1.    BASIS OF DEFAULT

Mortgagor is in default for non-payment of the Note, which matured on March 31, 2009. Mortgagor was found to be in default on the Note and Judgment of Foreclosure was entered by the Circuit Court of Cook County in the matter styled *Delta Trading Company v. R&G Properties, et al.*, case No. 14 CH 01986 on October 9, 2014, and on January 9, 2015 a deficiency was found in the amount of $5,303,248.02.

2.     AMOUNT OF DEFAULT

a.    DATE OF DEFAULT: 03/31/2009

b.    DEFICIENCY:                         $   5,303,248.02

c.    ACCRUED POST JUDGMENT INTEREST FROM DATE OF CONFIRMATION OF JUDGMENT OF FORECLOSURE THROUGH 01/31/2015:            $      28,768.30

d.    LATE CHARGES/FEES:               $         N/A

e.    NEGATIVE ESCROW BALANCE:       $         N/A

f.    TOTAL AMOUNT DUE AS OF 01/31/2015: (excluding attorneys' fees, costs and expenses):   **$  5,332,016.32**

g.    PER DIEM THEREAFTER: $1,307.65

(K)    Names of present owner of the real estate:
        R & G PROPERTIES

(L)    Names of all other persons who are joined as defendants and whose interest in, or lien on, the mortgaged real estate is sought to be terminated:
        CITY OF CHICAGO, pursuant to five (5) Judgments recorded with the Cook County Recorder of Deeds as Doc. Nos. 0802311056, 1009926089, 1103240060, 1103240073, and 1103240074;
        MICHAEL K. DESMOND, not individually, but in his capacity as Bankruptcy Trustee in *In re estate of R & G Properties*, Case No.09-37463 in the Northern District of Illinois;
        REPUBLIC BANK, as a tenant of the subject property whose rights as such are subject and subordinate to the Mortgage to be foreclosed herein;
        UNKNOWN OWNERS;
        NON-RECORD CLAIMANTS.

(M)   Names of defendants claimed to be personally liable for deficiency:
        R&G Properties, a general partnership

(N)    Capacity in which Plaintiff brings this foreclosure:
        PLAINTIFF BRINGS THIS FORECLOSURE ACTION IN ITS CAPACITY AS THE LEGAL OWNER AND HOLDER OF THE NOTE SECURED BY THE MORTGAGES SOUGHT TO BE FORECLOSED.

(O)    Facts in support of shortened redemption period:
        PLAINTIFF DOES NOT REQUEST A SHORTENED REDEMPTION PERIOD AT THIS TIME BUT RESERVES THE RIGHT TO MAKE SUCH A REQUEST AFTER THE FILING OF THIS VERIFIED COMPLAINT.

(P)    Statement that the right of redemption has been waived by all owners of redemption, if applicable:
        PURSUANT TO P. 3 OF THE NOTE AND P. 2 OF THE MORTGAGE, THE RIGHT OF REDEMPTION HAS BEEN WAIVED.

(Q)     Facts in support of request for attorneys' fees, costs and expenses, if applicable:
        PURSUANT TO THE NOTE (p. 3), FIRST MORTGAGE (p. 2), MORTGAGOR HAS OBLIGATED ITSELF TO PAY REASONABLE ATTORNEYS' FEES, COSTS AND EXPENSES THAT PLAINTIFF HAS EXPENDED, AND WILL CONTINUE TO EXPEND, IN THE PROSECUTION OF THIS FORECLOSURE ACTION.

(R)     Facts in support of request for appointment of mortgagee in possession or for appointment of receiver:
        PLAINTIFF REQUESTS APPOINTMENT OF A RECEIVER BASED UPON THE "FORECLOSURE; LEGAL PROCEEDINGS." PROVISION IN THE NOTE:

(S)     Offer to Mortgagors in accordance with Section 15-1402 to accept title to the real estate in satisfaction of all indebtedness and obligations secured by the mortgage without judicial sale, if sought:
        N/A

(T)     Names of defendants whose right to possess the mortgaged real estate, after the confirmation of a foreclosure sale, is sought to be terminated and, if not elsewhere stated, the facts in support thereof:
        R & G PROPERTIES (Mortgagor/Borrower)
        MICHAEL K. DESMOND, not individually, but in his capacity as Bankruptcy Trustee in *In re estate of R & G Properties*, Case No.09-37463 in the Northern District of Illinois;
        CITY OF CHICAGO (Judgment creditor)
        REPUBLIC BANK
        UNKNOWN OWNERS
        NON-RECORD CLAIMANTS.

(U)     Plaintiff also requests foreclosure of the security interest granted in the Mortgage (p. 1) in the following property: fixtures, machinery, equipment, engines, boilers, incinerators, building materials, appliances and goods of every nature whatsoever now or hereafter located in, or on, or used, or intended to be used in connection with the property, including, but not limited to, those for the purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light; and all elevators, and related machinery and equipment, fire prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals, washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and curtain rods, mirrors, cabinets, paneling, rugs, attached floor coverings, furniture, pictures, antennas, and trees and plants, including replacements and additions thereto, on the mortgaged real estate.

WHEREFORE, Plaintiff Delta Trading Company prays that this Court enter an order granting:

A. A judgment of foreclosure and sale;

B. Appointment of a receiver to take immediate possession of the Subject Properties as mortgagee in possession;

C. A judgment for attorneys' fees, costs, and expenses;

D. An order allowing any further expenses paid by Plaintiff pursuant to Section 15-1505 of the Illinois Mortgage Foreclosure Law, the Mortgages, Notes, and/or other loan documents;

E. An order appointing the Judicial Sales Corporation as selling officer; and

F. Awarding such other and further relief as this Court deems reasonable and just.

DELTA TRADING COMPANY


By: _____
One of its Attorneys


Richard H. Fimoff
William A. Castle, Jr.
Salomon & Patt, Ltd.
180 N. LaSalle Street, Suite 3300
Chicago, Illinois 60601
(312) 782-9000
Firm no. 80919

10H708302

Exhibit B
Motion to Dismiss the
Complaint to Foreclose Mortgage

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| DELTA TRADING COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 15 CH 04004 |
| v. | ) | |
| | ) | 5700 N. Central Avenue. |
| R&G PROPERTY, an Illinois General | ) | Chicago, IL 60646 |
| Partnership, CITY OF CHICAGO; MICHAEL | ) | |
| K. DESMOND, not individually, but in his | ) | |
| capacity as Bankruptcy Trustee in re Estate of | ) | |
| R&G Property, Case No. 09-37463; REPUBLIC | ) | |
| BANK OF CHICAGO; UNKNOWN OWNERS | ) | |
| and NON-RECORD CLAIMANTS, | ) | |
| | ) | |
| Defendants. | ) | |

## §2-619 MOTION TO DISMISS OF DEFENDANT
## REPUBLIC BANK OF CHICAGO

Now comes the defendant Republic Bank of Chicago ("Republic Bank") by its attorneys Ruff, Freud, Breems & Nelson, Ltd., and pursuant to 735 ILCS 5/2-619(3) and (9) of the Code of Civil Procedure moves this Honorable Court to dismiss plaintiff's complaint as to this defendant and as grounds therefore, states as follows:

### REPUBLIC BANK'S §2-619(9) MOTION TO DISMISS

1.     Plaintiff Delta Trading Company ("Delta") has filed its complaint to foreclose a mortgage encumbering the commercial property commonly known as 5700 N. Central Avenue, Chicago, IL (the "Premises").

2.     Named as a party defendant is Republic Bank.  In paragraph 3(l) of the complaint it is alleged that Republic Bank is made a party defendant by virtue of its alleged status "as a tenant of the subject property whose rights as such are subject and subordinate to the Mortgage to be foreclosed herein".

1

3.     To the contrary however, Republic Bank is not a tenant of the Premises and has

not been in possession of the Premises since November 28, 2014.  Thus, Republic Bank vacated

the Premises long before Delta's complaint to foreclose a mortgage was filed on March 10, 2015

(please see affidavit of Edward P. Freud, a Director of Republic Bank attached hereto as Exhibit

"A").

4.     Accordingly, as Republic Bank is not a tenant of the Premises and has no physical

possession thereof, plaintiff's complaint must be dismissed as to defendant Republic Bank.

### §2-619(3) MOTION TO DISMISS

5.     Furthermore, there is another action pending between plaintiff Delta and

defendant Republic Bank for substantially the same cause within the meaning of §2-619(3) of the

Code of Civil Procedure.

6.     Specifically, on October 1, 2012, Republic Bank filed its Adversary Complaint

(the "Adversary Proceeding") in the United States Bankruptcy Court for the Northern District of

Illinois, Eastern Division, against the plaintiff Delta and a bankruptcy Trustee to obtain a judicial

declaration of the rights and obligations of the parties in reference to an Option to Purchase the

Premises ("Option") which Republic Bank acquired from the FDIC as Receiver of a failed bank,

Citizens Bank and Trust Company ("Citizens Bank").

7.     In the Adversary Proceeding, Republic Bank seeks, *inter alia*, specific

performance of the Option as well as a declaration that Delta's mortgage is subject and

subordinate to the Option.  A true and correct copy of the Adversary Complaint filed on October

1, 2012 (exclusive of exhibits) is attached hereto and made a part hereon as Exhibit "B".  The

authenticity of the Adversary Complaint is established by Mr. Freud in his affidavit attached as

Exhibit "A".

0961-024151 263670.1

8.     It is the gravamen of the Adversary Complaint that Citizens Bank, a failed bank, was in possession of the Premises from approximately October 1, 2002 until April 23, 2010 when its banking charter was revoked by the Illinois Department of Financial and Professional Regulation, its primary bank regulator who in turn appointed the FDIC as Receiver of all of the assets of the defunct Citizens Bank (Adversary Compl. ¶1-4).

9.     Also on April 23, 2010, Republic Bank entered into a Purchase and Assumption Agreement with the FDIC for the purchase of, *inter alia,* Citizen Bank's lease for the Premises. The Citizen Bank's lease contained the Option to purchase the Premises (Adversary Compl. ¶4).

10.     Republic Bank commenced making rental payments under the Lease on April 28, 2010 and continued to make rental payments each and every month through September 30, 2012 for the aggregate sum of $743,805.32. (Adversary Compl. ¶5).

11.     The majority owners of Citizens Bank, who also comprised the partnership which owned the Premises filed Chapter 11 bankruptcy which was ultimately converted to a Chapter 7 bankruptcy and a Chapter 7 Trustee, Mr. Michael Desmond was appointed on June 20, 2012 (the "Trustee").

12.     In September of 2012 the Trustee notified Republic Bank that he would not close the sale of the Premises pursuant to the Option, and on October 1, 2012 Republic Bank filed its Adversary Complaint.

13.     As alleged in Adversary Complaint, the purported mortgage of the plaintiff Delta was made and recorded almost four years after the execution of the Lease and Option and is subject and subordinate to the Option. (Adversary Compl. ¶46).

14.     On October 29, 2012, Republic Bank filed its Lis Pendens as expressly allowed by statute to give actual notice and constructive notice of the pendency of the Adversary

3

Proceeding to all persons who have or may seek to have an interest in the Premises. A true and correct copy of the Lis Pendens recorded with the Recorder of Deeds of Cook County on October 29, 2012 as document number 1230310071 is attached hereto and made a part hereof as Exhibit "C".

15.    The Lis Pendens statute, 735 ILCS 5/2-1901 provides in relevant part that an:

> "action seeking equitable relieve affecting or involving real property shall from the time of filing in the office of the recorder in the county where the real estate is located… be constructive notice to every person… acquiring an interest or lien as above stated… and shall be bound by the proceedings to the same extent and in the same manner as if he or she were party thereto.

> This Section authorizes a notice of any of these actions concerning real property pending in the United States district court to be recorded and indexed in the same manner and in the same place as herein provided with respect to notices of such actions pending in courts of this state."

16.    The Adversary Proceeding remains pending in the District Court and all orders entered to date are interlocutory only. Please see affidavit of Mr. Freud attached as Exhibit "A". So long as the Adversary Proceeding remains pending, including any timely filed appeal, defendant Republic Bank has the statutory right to continue to asserts its Lis Pendens as provided by the above cited statute.

17.    Plaintiff Delta cannot circumvent the issues being adjudicated in the Adversary Proceeding by simply filing suit to foreclose its purported mortgage. Illinois law provides that for purposes of § 2-619(3) the "same cause" element is satisfied when both causes are based substantially on the same underlying facts or issues. *Palatine National Bank v. Guardian Tampa Limited Partnership,* 131 Ill.App.3d 441, 444 (1985). "The same parties" element is satisfied when the litigants are substantially the same, and the parties need not be identical. *Catalano v. AETNA Casualty and Surety Co. of Illinois,* 105 Ill. App.3d 195, 197 (1982).

4

18. Furthermore, the legal theory, issues, burden of proof or relief sought may materially differ between the two actions. *Tabone v. Simpson,* 91 Ill.App.3d 865, 867 (1980). The purpose of the two actions need not be identical, rather they need only be a substantial similarity of issues between them. *People ex. rel. Phillips Petroleum Co. v. Gitchoff,* 65 Ill.2d 249 (1976).

19. The elements for dismissal pursuant to §2-619(3) are present here. In fact, the Trustee is also named as a party defendant, but his claim of ownership, if any, to the Premises remains in dispute in the Adversary Proceeding until the issues raised therein are fully resolved by a final order and timely appeal.

20. Most significantly, the issue of priority of Republic Bank's Option in reference to Delta's mortgage cannot and should not be tried in two separate forums. As the Adversary Proceeding was filed two and a half years before Delta's mortgage foreclosure action, the Adversary Proceedings which raises all issues raised in the mortgage foreclosure action must be allowed to take precedence over the mortgage foreclosure action and the instant suit dismissed.

WHEREFORE, Republic Bank of Chicago moves this Honorable Court to dismiss it pursuant to §2-619(3) of the Code of Civil Procedure or dismiss the entire complaint pursuant to §2-619(9) of the Code of Civil Procedure and for such other and further relief as the Court may deem meet and just.

Republic Bank of Chicago

By:_____

One of its Attorneys

Edward P. Freud
Ruff, Freud, Breems & Nelson, Ltd.
200 North LaSalle Street, Suite 2020
Chicago, IL 60601
Attorney I.D. 90713
(312) 602-4890

5

STATE OF ILLINOIS )
) ss
COUNTY OF COOK )

## PROOF OF SERVICE BY MAIL

I, Viktoriya Strelnikov, being first duly sworn on oath, depose and state that a copy of the attached **§2-619 MOTION TO DISMISS OF DEFENDANT REPUBLIC BANK OF CHICAGO** was served upon:

William A. Castle, Jr.          Michael K. Desmond
Robbins, Solomon & Patt, Ltd.   Bankruptcy Trustee
180 N. LaSalle Street           Figliulo & Silverman, P.C.
Suite 3300                      10 S. LaSalle Street, Suite 3600
Chicago, IL 60601               Chicago, IL 60603

by placing same in the U.S. Mail Box located at 200 N. LaSalle Street, Chicago IL on May 28, 2015.

_Viktoriya Soulnikov_

6

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

DELTA TRADING COMPANY, )
)
Plaintiff, )
)  No. 15 CH 04004
v. )
)  5700 N. Central Avenue.
R&G PROPERTY, an Illinois General )  Chicago, IL 60646
Partnership, CITY OF CHICAGO; MICHAEL )
K. DESMOND, not individually, but in his )
capacity as Bankruptcy Trustee in re Estate of )
R&G Property, Case No. 09-37463; REPUBLIC )
BANK OF CHICAGO; UNKNOWN OWNERS )
and NON-RECORD CLAIMANTS, )
)
Defendants. )

## <u>AFFIDAVIT OF EDWARD P. FREUD</u>

Edward P. Freud, being first duly sworn on oath, states:

1.      I am a director of Republic Bank of Chicago ("Republic Bank") an Illinois

banking corporation and I have held that position continuously for 25 years. Republic Bank is an

Illinois banking corporation in good standing and as a director I have authority to make this

affidavit on its behalf.

2.      Concerning the commercial property commonly known as 5700 N. Central

Avenue, Chicago, IL (the "Premises"), Republic Bank vacated the physical possession of the

Premises on November 28, 2014 and is not currently a tenant of the Premises.

3.      Exhibit "B" to Republic Bank's Motion to Dismiss is a true and correct copy of

an Adversary Complaint filed by Republic Bank on October 1, 2012, exclusive of exhibits which

initiated the Adversary Proceedings (the "Adversary Proceeding").



1

4.     All orders entered as of May 28, 2015 are interlocutory only and the Adversary Proceeding remains pending in the United States District Court, Northern District of Illinois, Eastern Division.

5.     I have represented Republic Bank as its legal counsel since the filing of the Adversary Complaint on October 1, 2012 and I continue to represent Republic Bank in the Adversary Proceeding.

6.     By virtue of my legal representation of Republic Bank and my position as a director of the bank, I have personal knowledge of the averments contained herein and if sworn as a witness at the trial of this cause I can competently testify to all matters contained in this affidavit based upon my own personal knowledge.

Further affiant saith not.

"OFFICIAL SEAL"
SHIRLEY BURNS
Notary Public. State of Illinois
My Commission Expires November 08, 2016

_____
Edward P. Freud

SUBSCRIBED AND SWORN
to before me this 28
day of May, 2015

_____
NOTARY PUBLIC

2

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE:                              )
                                    )
R&G PROPERTIES                      )   CHAPTER 11
                                    )
        Debtor.                     )   Case No. 09 B 37463
                                    )
_____      )   Hon. A. Benjamin Goldgar
                                    )
REPUBLIC BANK OF CHICAGO,           )   Adv. No.
                                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )
MICHAEL K. DESMOND, not             )
individually but as Trustee and     )
DELTA TRADING COMPANY, INC., an     )
Illinois corporation,               )
                                    )
        Defendants.                 )

### ADVERSARY COMPLAINT

Republic Bank of Chicago ("Republic Bank" or "Plaintiff") by
its attorneys Ruff, Weidenaar & Reidy, Ltd., brings this
adversary proceeding for declaratory judgment and related relief
against MICHAEL K. DESMOND, not individually but as Trustee of
the Estate of R&G Properties, an Illinois general partnership
("Trustee") and DELTA TRADING COMPANY, INC., ("Delta") pursuant
to 28 U.S.C. §2201 and states as follows:

### INTRODUCTIONS

1.    Republic Bank is an Illinois banking corporation doing
business in Cook, DuPage and Will counties in the state of



EXHIBIT
"B"
tabbies®

0961-22800 243956.1

Illinois.   On April 23, 2010, Republic Bank entered into a
Purchase and Assumption Agreement with the Federal Deposit
Insurance Corporation ("FDIC") as receiver to purchase the
deposits and related assets of Citizens Bank and Trust Company of
Chicago ("Citizens Bank"), a defunct Illinois bank.

2.   Citizens Bank had only one banking facility, which was
leased, located on the real estate commonly known as 5700 N.
Central Avenue, Chicago, IL (the "Property").   The Purchase and
Assumption Agreement between Republic Bank and the FDIC, as
receiver, gave Republic Bank the right to assume the Lease for
the Property.

3.   Citizens Bank was substantially owned and controlled by
Robert Michael and George Michael, the general partners of the
Debtor R&G Properties ("Debtor").   The Debtor was the landlord of
Citizens Bank under the Lease.

4.   Republic Bank exercised its option to assume the Lease
from the FDIC.   The Lease contained an option to purchase the
Property at the end of the current lease term, September 30,
2012, for a purchase price of 1.5 million dollars ("the Option").

5.   From April 2010 through September of 2012 Republic Bank
paid base monthly rental in an amount over $25,000.00 per month
for the aggregate sum of $743,805.32.   Republic Bank also paid
general real estate taxes in the aggregate amount of $142,342.86
and fully insured and maintained the Property.

2

6.   Republic Bank timely exercised the Option by
correspondence dated January 31, 2012 to the Debtor and scheduled
a closing for September 30, 2012 in accordance with the terms of
the Option.  The Trustee was notified of all of the foregoing
very shortly after its appointment by correspondence dated June
27, 2012 from Republic Bank to the Trustee.

7.   Days before the Lease expired, by correspondence dated
September 19, 2012 the Trustee notified Republic Bank that it
would not close the sale of the Property or honor the Option,
which the Trustee claimed was invalid and unenforceable.

8.   M&I Marshall & Ilsley Bank ("M&I") was the owner of a
Mortgage dated March 20, 2006 encumbering the Property and other
real estate collateral to secure an indebtedness in the original
principal amount of $8,077,540.00.  Delta is the current owner of
the Mortgage and the indebtedness secured thereby.

9.   The Lease antedates the Mortgage by almost four years
and any right, title or interest of Delta in or to the Property
is subject subordinate and inferior to the rights of Republic
Bank under the Lease.

10.  Republic Bank brings this action for declaratory
judgment, specific performance, and other relief to have its
rights under the Option declared valid and enforceable, to obtain
legal title to the Property and to recover compensatory damages
including attorney's fees and costs of this litigation as

3

provided for in the Lease.  Republic Bank also seeks the issuance

of a temporary restraining order and preliminary injunction

against the defendants to maintain the status quo pending the

Court's adjudication of the rights and obligations of the parties

under the Lease.

## PARTIES, JURISDICTION AND VENUE

11.  This is an adversary proceeding pursuant to Federal

Bankruptcy Rule 7001 which relates to the Chapter 11 proceeding

captioned in R&G Properties, docketed as case number 09 B 37463

(Bankr. N.D. Ill., Eastern Div.).

12.  On October 8, 2009 Debtor filed its voluntary petition

for relief under Chapter 11 of the Bankruptcy Code.  The Debtor

operated its business and managed its financial affairs as Debtor

in Possession until an evidentiary hearing was conducted on

Delta's motion for the appointment of a trustee, which motion was

granted, and the Trustee was appointed on June 20, 2012.

13.  The Trustee is the duly appointed and acting Trustee of

the Estate.  The Property is one of the assets of the Estate

which the Trustee has administered since its appointment.

14.  Delta is an Illinois corporation doing business in the

County of Cook, State of Illinois and its president and

registered agent is Mr. Chaim Kohanchi who offices at 2701 N.

Kildare, Chicago, IL and resides in Skokie, IL.

0961-22800 243956.1

15.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1334(b) in that this action arises under, and/or relates to Debtor's bankruptcy proceeding.

16.    This action is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A)(E)(K) and (O).  In addition, Republic Bank consents to the entry of a final order or judgment by this Court.

17.    This Court has venue over this proceeding pursuant to 28 U.S.C. §1409(a).

<u>THE LEASE</u>

18.    Citizens Bank obtained its charter as an Illinois banking corporation on January 27, 2000 from the Illinois Department of Financial and Professional Regulation (please see Exhibit "A" attached hereto).

19.    On or about October 1, 2002 Citizens Bank as Lessee, and Debtor as Lessor, entered into a Lease, a true and correct copy of which is attached hereto and made a part hereof as Exhibit "B". The initial lease term expired on September 30, 2007.

20.    The improvements on the Property consist of a one story, masonry constructed, commercial building containing 8,250 square feet with a lower level of equal size.  It was constructed in 1958 and originally was used as a restaurant/banquet hall.

5

0961-22800 243956.1

21.    The Property is located in a relatively stable but
unpretentious area in the city of Chicago.

22.    The Lease provided for five renewal terms of five years
each (Exhibit "B", para 23).  By correspondence dated November
15, 2007 Citizens Bank notified Debtor that it elected "to
exercise its option to renew the lease agreement between Robert
C. Michael and George S. Michael and the Bank for a five year
term beginning on October 1, 2007 through September 30, 2013
(sic)".  A true and correct copy of the November 15, 2007
correspondence is attached hereto and made a part hereof as
Exhibit "C".

23.    The reference in Exhibit "C" to the year 2013 was a
typographical error as all extensions of the Lease were for a
five year term (not six years) and the Trustee has acknowledged
the typographical error in its letter of September 19, 2012 as
more fully identified below.

24.    Citizens Bank remained in possession of the Property
pursuant to the Lease until on or about April 23, 2010 when its
banking charter was revoked by the Illinois Department of
Financial and Professional Regulation, its primary bank
regulator, who in turn appointed the FDIC as receiver of all of
the assets of the defunct Citizens Bank.

25.    On April 23, 2010 Republic Bank entered into a Purchase
and Assumption Agreement with the FDIC for the purchase of, inter

0961-22800 243956.1

alia, all of the deposits of Citizens Bank, all loans secured by

such deposits, and related assets, including an exclusive option

to assume the Lease as set forth in Article 4.6(b) of the

Purchase and Assumption Agreement.

26.   Although the option to assume the Lease was originally

for a period of 90 days, that period was extended by the FDIC

pursuant to agreement with Republic Bank, and by correspondence

dated September 21, 2010, Republic Bank notified the FDIC of its

election to assume the Lease.  A true and correct copy of

Republic Bank's exercise of its option to assume the Lease is

attached hereto and made a part hereof as Exhibit "D".

27.   Because Republic Bank took possession of the Property

immediately after the execution of the Purchase and Assumption

Agreement with the FDIC dated April 23, 2010, Republic Bank

commenced making rental payments under the Lease on April 28,

2010 and continued to make monthly rental payments each and every

month thereafter in an amount in excess of $25,000.00 through and

including September 2012 for the aggregate sum of $743,805.32.

28.   Both the Debtor in Possession, and later the Trustee,

demanded strict compliance by Republic Bank with all of the terms

and provisions of the Lease.  For example, the Lease provided for

a 3% annual increase in the base rental, which the Debtor in

Possession demanded and Republic Bank promptly paid.  Thus, in

0961-22800 243956.1

October 2011, monthly base rental increased again by an additional $760.06 a month.

29.   In addition, as the Lease was triple net, Republic Bank timely paid all general real estate taxes levied against the Property from April 2010 through September 2012 in the aggregate amount of $142,342.86.   Republic Bank also kept the property fully insured and properly maintained in accordance with the terms of the Lease.

30.   The Lease provides in paragraph 24 that the Lessee is granted the Option to Purchase the Property on the terms set forth therein.   By correspondence to the Debtor dated January 31, 2012, Republic Bank timely and properly exercised the Option to purchase the Property.   A true and correct copy of the January 31, 2012 letter is attached hereto and made a part hereof as Exhibit "E".

31.   Initially, the Debtor failed to acknowledge receipt of Republic Bank's notice of the exercise of the Option; accordingly, virtually identical notices were sent by various means (certified mail, overnight mail and hand delivery) on February 21, 2012.   By correspondence dated February 23, 2012, Debtor's former counsel, David K. Welch, belatedly responded to the exercise of the Option by correspondence dated February 23, 2012, a true and correct copy of which is attached hereto as Exhibit "F".

8

32.   In his letter, Mr. Welch acknowledged the right of Republic Bank to purchase the Property pursuant to the Option, but claimed that the parties were "in the third term of the Lease (second renewal term)" which established the Option price as the mathematical average of two independent certified appraisals opining as to the fair market value of the Property.

33.   By correspondence dated March 19, 2012, a true and correct copy of which is attached hereto as Exhibit "G", Republic Bank responded to Mr. Welch's letter pointing out that the original lease term was from October 1, 2002 and ended on September 30, 2007 and that the first renewal term was from October 1, 2007 through September 30, 2012; under these facts the Option price as specified in the Lease was 1.5 million dollars.

34.   In addition, Citizens Bank was not even chartered as an Illinois bank until January 27, 2000 so it was a legal impossibility for Citizens Bank to have been in possession of the Property five years prior to October 1, 2002.

35.   Less then two weeks before the closing set for September 30, 2012 pursuant to the terms of the Option, the Trustee informed Republic Bank that it refused to honor the Option and close the sale of the Property.   A true and correct copy of the Trustee's letter dated September 19, 2012 is attached hereto and made a party hereof as Exhibit "H".

0961-22800 243956.1

36.   In its notification dated September 19, 2012 the Trustee claimed that it was refusing to proceed with the closing because: (i) Republic Bank had not timely exercised its Option to assume the Lease from the FDIC; (ii) Citizens Bank had not timely exercised its Option to extend the Lease five years earlier in 2007; (iii) and that the Option contained in the Lease was "non-assignable" and therefore only Citizens Bank and not Republic Bank could exercise the Option.

37.   The Trustee's position is wholly without legal support. First, no person or entity has been in possession of the Property since April 23, 2010 other then Republic Bank, nor is the Trustee aware of the assignment or assumption of the Lease by any person or entity, by or through the FDIC, other than Republic Bank.

38.   In addition, the Trustee has no standing to assert that Republic Bank failed to timely exercise its option to assume the Lease from the FDIC under the Purchase and Assumption Agreement when neither the Trustee or the Debtor was a party to that Agreement.

39.   Furthermore, federal law specifically provides that upon assuming its powers and duties as receiver, the FDIC may "transfer any asset or liability of the institution in default (including assets and liabilities associated with any trust business) without any approval, assignment or consent with respect to such transfer" 12 U.S.C. §1821(d)(2)(G)(i)(II).   Thus,

10

0961-22800 243956.1

the FDIC did not need any consent or approval from the Debtor, or anyone else to grant Republic Bank the option to assume the Lease.

40.   Similarly, the Trustee does not dispute that Citizens Bank was in possession of the Property up to and including April 23, 2010, but now claims that the exercise by Citizens Bank of its option to extend the Lease five years ago was not "timely". Applicable state law and bankruptcy law do not permit the Trustee to now make this belated argument.

41.   Third, since April 23, 2010, the Debtor in Possession and the Trustee have recognized Republic Bank as the Lessee under the Lease.  Accordingly, the exercise of the Option to purchase was one of those rights acquired by Republic Bank as a result of its assumption of the Lease from the FDIC.

42.   Assuming arguendo that the consent of the Debtor, as landlord, was required in order for Republic Bank to assume the Lease and become the Lessee thereunder, the Debtor and the Trustee knowingly and voluntarily waived any right to object to Republic Bank's assumption of the Lease by their voluntary acceptance of rental and other avails under the Lease by Republic Bank from April 2010 through September 2012.

43.   Furthermore, even if the Debtor and the Trustee did not waive the right to contest Republic Bank's assumption of the lease, the Trustee is now equitably estopped from claiming that

11

Republic Bank is not the Lessee under the Lease because its
conduct induced Republic Bank to reasonably believe that the
Trustee accepted it as the Lessee, such reliance was reasonable
on the part of Republic Bank, and it paid rental and other
charges under the Lease to its determent.

## DELTA'S MORTGAGE

44.  M&I was the owner and holder of a Mortgage dated March
20, 2006 and recorded with the Recorder of Deeds of Cook County
on May 22, 2006 as document number 0614222176 (the "Mortgage").
The Mortgage secures an indebtedness in the original principal
amount of $8,077,540.00.

45.  The Mortgage was made and recorded almost four years
after the execution of the Lease, and at the time that the
Mortgage was made and recorded Citizens Bank was in open and
notorious possession of the Property.  Thus, M&I had both actual
and constructive notice that Citizens Bank claimed a possessory
interest in the Property.

46.  On or about June 4, 2008, M&I filed its suit to
foreclose its Mortgage and for other relief docketed in the
Circuit Court of Cook County as case number 08 CH 19999.  M&I did
not name Citizens Bank as a party defendant to the mortgage
foreclosure action as it knew that the Lease antedated the
Mortgage and that the possessory rights of the Lessee under the

0961-22800 243956.1

Lease are paramount and superior to the rights acquired by M&I under the Mortgage.

47.   Subsequent to the making and recording of the Mortgage, it was assigned to Delta together with the indebtedness secured thereby, the specifics of said assignment are not currently known to Republic Bank.

### REPUBLIC BANK'S EQUITABLE OWNERSHIP OF THE PROPERTY

48.   The doctrine of equitable conversion is applicable here.  Specifically, the doctrine of equitable conversion provides that when the owner of land enters into a valid and enforceable contract for its sale, the owner continues to hold the legal title to the land but does so in trust for the buyer. Thus, the buyer becomes the equitable owner of the real estate and the buyer is also considered to be holding the purchase money for the land in trust for the seller.  Republic Bank is the equitable owner of the Property, having timely exercised its Option to purchase the Property.

49.   Republic Bank has performed all the terms and provisions of the Lease to be performed on its part.

50.   Notwithstanding the foregoing, in an effort to thwart a judicial review of its arbitrary and capricious conduct, the Trustee has threatened to "seek possession of the Property through a forcible entry and detainer action..."  (Please see letter dated September 19, 2012, Exhibit "H").

0961-22800 243956.1

51.   Republic Bank has at all times been ready, willing and able to tender the purchase price to the Trustee for the Property pursuant to the Option but has been unable to do so as evidenced by the Trustee's letter dated September 19, 2012 attached as Exhibit "H".

52.   A genuine and justiciable actual controversy exists by and between the parties requiring a declaration by the Court of the rights and obligations of the parties hereto.

53.   Republic Bank has no plain, speedy or adequate remedy at law to preserve and protect its equitable ownership of the Property and its possessory rights thereunder.

54.   By virtue of the foregoing, Republic Bank is in need of the Court's exercise of its injunctive powers, both temporary and preliminary to maintain the status quo, without bond, pending the Court's final order and/or judgment in this matter.

### PRAYER FOR RELIEF

Wherefore, Republic Bank prays as follows:

A.   That a temporary restraining order issue, without bond, enjoining the Trustee and Delta from disturbing the status quo in reference to Republic Bank's possession of the Property until the Court can schedule an evidentiary hearing on Republic Bank's motion for preliminary injunction; and

B.   That the Court conduct an evidentiary hearing on Republic Bank's request for the entry of a preliminary injunction to enjoy the Trustee and Delta from disturbing the status quo during the pendency of this suit; and

0961-22800 243956.1

    C.    For a declaration that Republic Bank has assumed the Lease from the FDIC; that Republic Bank timely and properly exercised the Option to purchase the Property; and that the Trustee is obligated under the Lease to close the sale of the Property to Republic Bank on the terms as set forth in the Lease including the Option price of 1.5 million dollars; and

    D.   ~~For such other and further relief as the Court may deem meet and just.~~

## COUNT II

Now comes the plaintiff Republic Bank of Chicago by its attorneys Ruff, Weidenaar & Reidy, Ltd., and complaining of Michael K. Desmond, not individually but as Trustee of the Estate of R&G Properties, states as follows:

1-51.    Republic Bank realleges and incorporates paragraphs 1 through 51 inclusive of its Count I as paragraphs 1 through 51 inclusive of its Count II as though fully set forth herein.

52.    The Property is unique.

53    Republic Bank is entitled to specific performance of the Option by the Trustee.

54.    Republic Bank has also suffered and will continue to suffer damages as a result of the Trustee's refusal to convey the Property to Republic Bank pursuant to the Option.

55.    Pursuant to paragraph 24(c) of the Lease, by virtue of the Trustee's breach of contract by virtue of the Trustee's refusal to comply with the terms of the Option, Republic Bank is

0961-22800 243956.1

entitled "to all remedies available at law or in equity...

including, without limitation, damages and specific performance."

56.   Republic Bank's damages include but are not limited to

the actual disruption of its banking operations at the Property

as a result of the Trustee's threats, together with the costs and

expenses which Republic Bank has been required to expend in the

prosecution of its lawful claims concerning the Property.

### PRAYER FOR RELIEF

Wherefore, Republic Bank of Chicago prays:

    A.    That the Trustee be ordered to specifically
perform the Option and convey the Property to
Republic Bank in accordance with the terms of the
Option; and

    B.    For an award of compensatory damages and
reasonable attorneys fees and costs of theses
proceedings; and

    C.    For such other and further relief as the Court may
deem meet and just.

            Republic Bank of Chicago

          By: /s/ Edward P. Freud
              One of its Attorneys

Edward P. Freud
Ruff, Weidenaar & Reidy, Ltd.
222 North LaSalle Street
Suite 700
Chicago, IL 60601
(312) 602-4890
ARDC #: 0876712

0961-22800 243956.1



Doc#: 1230310071 Fee: $42.00
Eugene "Gene" Moore RHSP Fee:$10.00
Cook County Recorder of Deeds
Date: 10/29/2012 12:00 PM Pg: 1 of 3

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| R&G PROPERTIES | ) CHAPTER 11 |
| | ) |
| Debtor. | ) Case No. 09 B 37463 |
| | ) |
| | ) Hon. A. Benjamin Goldgar |
| | ) |
| REPUBLIC BANK OF CHICAGO, | ) Adv. No.  12 A 01491 |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL K. DESMOND, not | ) |
| individually but as Trustee and | ) |
| DELTA TRADING COMPANY, INC., an | ) |
| Illinois corporation, | ) |
| | ) |
| Defendants. | ) |

### LIS PENDENS

I, the undersigned, do hereby certify that the above-
entitled cause for declaratory judgment, specific performance and
other relief, was filed in the United States Bankruptcy Court for
the Northern District of Illinois, Easter Division, on the 1st
day of October 2012, and is now pending in said Court and that
the property affected by said cause is described as follows:



EXHIBIT
"C"

0961-22800   244650.1

PARCEL 1A:

LOTS 1,2,3,4,5,6 AND 7 IN BLOCK 5 IN MILLS AND VESEY'S
GLADSTONE PARK ADDITION, BEING A SUBDIVISION OF THAT
PART OF THE WEST ½ OF THE NORTHEAST 1/4 OF SECTION 8,
TOWNSHIP 40 NORTH, RANGE 13 LYING EAST OF THE CENTER OF
MILWAUKEE AVENUE, ALSO A RESUBDIVISION OF THAT PART OF
CARPENTER'S SUBDIVISION OF THE EAST ½ OF THE SOUTHEAST
FRACTIONAL 1/4 OF FRACTIONAL SECTION 5, TOWNSHIP 40
NORTH, RANGE 13, LYING BETWEEN THE CENTERS OF MILWAUKEE
AVENUE AND ELSTON AVENUE EAST OF THE THIRD PRINCIPAL
MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 1B:

LOTS 8,9,10,11 AND 12 IN BLOCK 5 IN MILLS AND VESEY'S
GLADSTONE PARK ADDITION, BEING A SUBDIVISION OF THAT
PART OF THE WEST ½ OF THE NORTHEAST 1/4 OF SECTION 8,
TOWNSHIP 40 NORTH, RANGE 13, LYING EAST OF THE CENTER
OF MILWAUKEE AVENUE, ALSO A RESUBDIVISION OF THAT PART
OF CARPENTER'S SUBDIVISION OF THE EAST ½ OF THE
SOUTHEAST FRACTIONAL 1/4 OF FRACTIONAL SECTION 5,
TOWNSHIP 40 NORTH, RANGE 13, LYING BETWEEN THE CENTERS
OF MILWAUKEE AVENUE AND ELSTON AVENUE, EAST OF THE
THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

Commonly known as:   5700 North Central Avenue
                     Chicago, IL 60646

PIN: 13-05-425-011 (Lots 1, 2, 3, 4 &5)
     13-05-425-006 (Lot 6)
     13-05-425-010 (Lot 7)
     13-05-425-001 (part of Lot 9 & all of lots 10 &11)
     13-05-425-009 (Lot 8 & part of Lot 9)
     13-05-425-008 (Lot 12)

1.   The names of the Plaintiff and all Defendants and the case
     number are set forth above.

2.   The court in which the action was brought is set forth
     above.

3.   The name of the title holder of record is:

     MICHAEL K. DESMOND, not individually but as Trustee of the
     Estate of R&G Properties, an Illinois general partnership

4.   The legal description is set forth above.

5.   The common address or location of the property is:

     5700 North Central Avenue, Chicago, IL 60646

0961-22800  244650.1

6.   This action has been brought, inter alia, to enforce the rights of Republic Bank to purchase the subject property pursuant to an Option to Purchase contained in a Lease.

_____
        Edward P. Freud

**Deposit in Box 257 - Recorder's Office**

**PREPARED BY:**
Edward P. Freud
Ruff, Weidenaar & Reidy, Ltd.
222 North LaSalle Street, Suite 700
Chicago, IL 60601
Attorney I.D. 90713
(312) 263-3890

0961-22800   244650.1