UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Republic Bank of Chicago, | |
| Plaintiff, | Case No. 13 C 6835 |
| v. | |
| Michael Desmond, as Trustee, *et al.*, | Judge John Robert Blakey |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

This is an adversary proceeding from the Bankruptcy Court that concerns the use of certain property under the terms of a lease that was purportedly assigned to Plaintiff Republic Bank by the FDIC. Currently before the Court are the following motions: (1) Defendant Delta Trading Company's motion for an entry of final judgment under Fed. R. Civ. P. 54(b) [74]; (2) Plaintiff Republic Bank's motion for interlocutory appeal under 28 U.S.C. § 1292(b) [80]; (3) Defendant Trustee's motion for judgment of possession of property under Count II of its Amended Counterclaim [57]; and (4) Plaintiff Republic Bank's motion to dismiss Count II of the Amended Counterclaim as moot. Each motion will be addressed in detail below.

**I.    Background**

On October 8, 2009, the debtor, R&G Properties ("RG"), filed a voluntary petition for Chapter 11 bankruptcy before the U.S. Bankruptcy Court for the

1

Northern District of Illinois. The debtor's assets included real property located at 5700 North Central Avenue in Chicago (the "Property"). In 2002, Citizens Bank ("Citizens") entered into a lease for the Property with a term of October 1, 2002 to September 30, 2007 (the "Lease"). The Lease also provided for up to five renewal terms of five years. On November 15, 2007, Citizens notified RG of its election to exercise its option to renew the Lease for a five year term from October 1, 2007 to September 30, 2012. On April 23, 2010, Citizens was closed and placed into receivership with the FDIC. That same day, Republic Bank ("Republic") entered into an agreement whereby it acquired substantially all assets and liabilities associated with the deposits held by Citizens. Republic also acquired an exclusive option to assume the Lease. That Lease included a purchase option that has become the focus of this litigation (the "Purchase Option").

Republic took possession of the Property in April 2010, and on January 31, 2010, it issued a notice to RG purporting to exercise the Purchase Option. RG's counsel allegedly acknowledged the right to exercise the Purchase Option, but haggled over the price. On June 20, 2012, Michael Desmond was named as the Trustee for the bankruptcy of RG and Mr. Desmond notified Republic of his intent not to honor the Purchase Option because, in his view, it was not assignable. The Trustee then ordered Republic to vacate the Property on September 30, 2012.

On October 1, 2012, Republic filed a complaint against the Trustee seeking declaratory relief and specific performance regarding Republic's rights under the Purchase Option. The complaint also named Delta Trading Company ("Delta") as a

defendant, because Delta purports to have acquired a mortgage on the Property after execution of the Lease.  On November 12, 2012, the Trustee filed a counterclaim against Republic seeking damages for breach of the Lease, possession of the Property, and damages resulting from Republic's holdover tenancy of the Property from October 1, 2012 onward.

Republic and the Trustee filed cross motions for summary judgment on Republic's adversary complaint. On April 21, 2014, Judge Guzman granted the Trustee's motion for summary judgment and denied Republic's motion.  The Court found that the language of the option to purchase precluded its assignment, and therefore Republic, as assignee of the Lease, could not exercise the option [16]. Although the Order disposed of all of Republic's claims, it did not dispose of the Trustee's counterclaim.  On May 21, 2014, the Trustee filed an amended counterclaim, which remains pending.

On March 10, 2015, Delta filed a mortgage foreclosure suit in the Circuit Court of Cook County, against Republic, the Trustee and others, to foreclose its mortgage on the Property.  That state court action remains pending.

On May 28, 2015, Republic filed a motion to dismiss that mortgage foreclosure action, pursuant to 735 ILCS 5/2- 619(3).  The basis of Republic's motion to dismiss is that there allegedly is "another action pending for the same cause." That other action is alleged to be this adversary proceeding.  To rectify this situation, and allow it to proceed on the mortgage foreclosure in Cook County, Delta filed a motion for entry of final judgment in this Court, and Republic responded

3

with a motion for interlocutory appeal. Both motions seek to allow appeal of this Court's ruling on summary judgment.

**II.     Delta Trading Company's Motion for Entry of Final Judgment**

Delta's motion requests an entry of final judgment on the April 21, 2014 summary judgment Order [16] pursuant to Fed. R. Civ. P. 54(b). Under Rule 54(b), "when an action presents more than one claim for relief -- whether as a claim, counterclaim, cross claim, or third-party claim -- or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b) authorizes the district court to enter a final judgment "on a single claim only if that claim is separate from the claim or claims remaining for decision in the district court—separate not in the sense of arising under a different statute or legal doctrine . . . but in the sense of involving different facts." *Ty, Inc. v. Publications Int'l Ltd.*, 292 F.3d 512, 515 (7th Cir. 2002).

This emphasis on only allowing entry of judgment on "separate claims" is intended to prevent piecemeal litigation. *ITOFCA, Inc. v. MegaTrans Logistics, Inc.*, 235 F.3d 360, 364 (7th Cir. 2000). As the Seventh Circuit explained, "the retained and the appealed claims must be factually distinct" and the "fact that one claim appears in the complaint and another in a counterclaim . . . does not make them different claims for purposes of Rule 54(b)." *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1366 (7th Cir. 1984). Finally, "it is an abuse of

4

discretion for a district judge to grant a motion for a Rule 54(b) order when the motion is filed more than thirty days after the entry of the adjudication to which it relates." *Schaeffer v. First Nat. Bank of Lincolnwood*, 465 F.2d 234, 236 (7th Cir. 1972); *C&F Packing Co. v. IBP, Inc.*, No. 93 C 1601, 1994 WL 484630, at *1 (N.D. Ill. Sept. 2, 1994).

Accordingly, Delta's motion for entry of final judgment is denied because: (1) it was not timely filed; and (2) the claim on which Delta seeks appeal is not a "separate claim" from the claims that would remain before this Court. First, Delta's motion was filed fourteen months after the Court's Order on summary judgment [16] and without any adequate explanation for the delay. The motion is therefore denied as untimely under *Schaeffer* and its progeny. *Schaeffer*, 465 F.2d 234, 236 (7th Cir. 1972) (delay of sixty plus days before filing Rule 54(b) motion was untimely).

Second, the claim Delta seeks to appeal (regarding the Purchase Option), and those that remain pending (regarding breach of the Lease), are not separate claims. Here, the issues addressed in the summary judgment Order that will be the subject of Republic's appeal, and the claims still being pursued by the Trustee before this Court, arise from the same Lease and the same set of facts. Further, the Trustee's remaining claims logically arise from the Court's conclusion that the FDIC could not assign the Purchase Option. Had the Court agreed with Republic's position, then the Trustee's claims for holdover rent and attorneys' fees would logically fail. Both

claims thus overlap greatly and the summary judgment Order is not appropriate for entry as a final order under Rule 54(b).

**III.    Republic Bank's Motion for Interlocutory Appeal**

In response to Delta's motion under Rule 54(b), Plaintiff Republic Bank filed a motion to certify the Court's Order on summary judgment [16] for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  Republic seeks appellate review of the following issue:  whether Republic is entitled to exercise a purchase option in a lease transferred to Republic by the FDIC, as receiver for Citizens Bank, under 12 U.S.C. § 1821 *et seq*.  To certify an order for interlocutory appeal under Section 1292(b), there must be: (1) a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution must promise to speed up the litigation. *Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000).  Additionally, there is a non-statutory requirement that the petition be filed in the district court within a reasonable time after entry of the order sought to be appealed. *Id*. at 675. Interlocutory appeals, however, are "frowned on in the federal judicial system." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012).

Republic's motion for certification is denied because: (1) it was not timely filed; (2) the issue presented is not a question of law; (3) the resolution on appeal would not speed up litigation; and (4) the issue is not contestable.  With regard to timeliness, the standard in the Seventh Circuit is that such a motion should be filed

promptly after the original order unless a good reason for the delay is given. *Weir v. Propst*, 915 F.2d 283, 286 (7th Cir. 1990) (delay of over two months deemed untimely). While there is not a bright line test for what is and is not timely, a delay in filing the request for certification is proper only if there was a valid reason for it. *Id*. Here, Republic's motion for certification was not filed until fourteen months after the Court entered its Order on summary judgment. Republic has failed to provide a sufficient reason for the delay. It has relied instead on an explanation as to why it is important that the order be filed now (*i.e.*, the pending state court foreclosure action). This does not clarify or justify a delay of fourteen months. The Court thus finds the current motion untimely. *See, e.g., Sterk v. Path, Inc.*, No. 13 CV 2330, 2014 WL 8813657, at *3 (N.D. Ill. Aug. 8, 2014) (delay of two weeks was timely); *Abrams v. Van Kampen Funds, Inc.*, No. 01 C 7538, 2002 WL 1989401, at *1 (N.D. Ill. Aug. 27, 2002) (two month delay considered "inexcusably dilatory"); *Morton Coll. Bd. of Trustees of Illinois Cmty. Coll. Dist. No. 527 v. Town of Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill. 1998) (thirty-day delay untimely).

The question presented for appeal is also deficient in that it is not a pure question of law as required under Section 1292(b). Here, Republic seeks to certify the following question: whether Republic is entitled to exercise a purchase option in a lease transferred to Republic by the FDIC, as receiver for Citizens Bank, under 12 U.S.C. § 1821 *et seq*. A district court may only certify an issue under Section 1292(b) if it turns "on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d

7

at 676–77.  The "question of the meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind" for interlocutory appeal.  *Id*. at 676; *Padilla v. DISH Network L.L.C.*, No. 12-CV-7350, 2014 WL 539746, at *5 (N.D. Ill. Feb. 11, 2014).  Here, at issue is the interpretation of the Lease, the Purchase Option and the anti-assignment provisions, along with the effect of FIRREA on the Lease and its assignability.  Because the issue involves contract interpretation and the analysis of facts related to actions taken by the FDIC, it is not appropriate for interlocutory appeal as a pure question of law.

Likewise, the resolution of the issue proposed by Republic Bank does not "promise to speed up the litigation."  *Ahrenholz*, 219 F.3d at 675.  A matter qualifies for appeal under this criterion if its resolution could "head off protracted, costly litigation."  *Id*. at 677.  Here, the Trustee and Delta moved for summary judgment on several grounds.  They argued that: (1) the Purchase Option was not assignable by its express terms; (2) the Purchase Option was personal and exclusive to Citizens Bank; (3) the FDIC could not assign the non-assignable purchase option to Republic Bank; (4) Republic Bank took an assignment of a lease with knowledge that the Purchase Option had been terminated; and (5) there was no valid assignment of the lease and no valid exercise of the Purchase Option under the lease.  The Court only specifically addressed, however, the first ground in its Order.  *See* [16] at 3-4.  In addressing the question Republic proposed for interlocutory appeal, the court of appeals would at most resolve issues (1)-(3).  It would not resolve issues (4) or (5),

8

which involve issues of *fact* that that are separate and distinct from the question presented by Republic. *Locke v. Haessig*, No. 13-1857, 2015 WL 3528782, at *1 (7th Cir. June 5, 2015) (the appellate court on interlocutory appeal has "jurisdiction over only legal questions"). Thus, even if the court of appeals found in Republic's favor on appeal, and found that Republic was entitled to exercise the Purchase Option, it would not necessarily determine the following factual issues: (1) whether there was a valid assignment; (2) whether the Purchase Option was validly exercised; and (3) whether Republic took assignment of the lease with knowledge that the Purchase Option had been terminated. Thus, those issues would remain for resolution on the return of this matter from the court of appeals – resulting in proceedings related to summary judgment and/or trial. The court of appeals would not therefore terminate or significantly advance the proceedings in this Court. In fact, the case would return in much the same posture as it stood just prior to the cross motions for summary judgment. The question proposed by Republic is therefore inappropriate for interlocutory review.

Finally, the Court finds that the issue presented in not "contestable" as required under 1292(b). An issue is contestable within the meaning of Section 1292(b) only if there is a "difficult central question of law which is not settled by controlling authority," and a "substantial likelihood" exists that the district court's ruling will be reversed on appeal. *In re Brand Name Prescription Drugs Antitrust Litigation*, 878 F.Supp. 1078, 1081 (N.D. Ill.1995). On review of the arguments at summary judgment, Republic's motion to reconsider, and Judge Guzman's Orders

9

on both motions, [16] [32], the Court is satisfied that there is not a "substantial likelihood" that those rulings will be reversed on appeal. Republic's motion for certification is therefore denied.

IV. **Trustee's Motion for Judgment for Possession of Property**

Also before the Court is the Trustee's motion for judgment for possession of the Property based on Count II of the Amended Counterclaim [57]. In that motion, the Trustee asks that the Court "enter judgment of possession of the Property in favor of the Trustee and against Republic Bank on Count II of the Second Amended Counterclaim and for costs, without any prejudice to the Trustee's rights to seek actual damages and attorney's fees in this lawsuit resulting from Republic Bank's wrongful possession of the Property since October 1, 2012." [57] at 4. Republic Bank responded by moving for dismissal of Counterclaim Count II, because it had already vacated the property and given possession to the Trustee. Thus, claims Republic Bank, Count II of the Counterclaim is moot. The Trustee counters that the claim is not moot because, as allowed under 735 ILCS 5/9-209, the Trustee attached a demand for rent to the claim for possession and that demand for rent is still pending.

The Trustee brought its Count II claim for possession under 735 ILCS 5/9-110. Under Section 5/9-110, if it "appears on the trial that the plaintiff is entitled to the possession of the whole of the premises claimed, judgment for the possession thereof and for costs shall be entered in favor of the plaintiff." 735 ILCS 5/9-110. A

10

claim for "rent may be joined in the complaint" for possession. 735 ILCS 5/9-209. The Trustee has done that here, requesting a money judgment for rent due from Republic Bank as a holdover tenant from October 1, 2012, through May 20, 2014. However, when a defendant in a forcible entry and detainer action, such as here, vacates the property prior to trial, the issue of possession is moot and dismissal of the claim for possession is appropriate. *Case v. Rewerts*, 145 N.E.2d 251, 256 (Ill. App. Ct. 1957). The Trustee has cited no case law to the contrary and relies instead on a case holding that where the trial court rightly denied a claim for possession as moot, it was improper to withhold from Plaintiff the right to have its claim for rent adjudicated. *Poulos v. Reda*, 520 N.E.2d 816, 820 (1987). Such concerns do not apply here. Count I of the Trustee's counterclaim is for breach of the Lease and also includes damages for rent owed by Republic Bank as a holdover tenant. Because the Court finds that Plaintiff's claim for possession in Count II is moot, and there are no concerns regarding a fair adjudication of their claim for rent under Count I, Count II of the Amended Counterclaim is properly dismissed. The Trustee's motion for judgment is denied.

## V. Conclusion

In light of the above, the Court rules as follows: (1) Delta's motion for an entry of final judgment [74] is denied; (2) Republic's motion for certification [80] is denied; (3) the Trustee's motion for judgment of possession [57] is denied as moot; and (4) Republic's motion to dismiss Count II of the Amended Counterclaim as moot

11

is granted. This matter is set for a status hearing at 9:45 a.m. in Courtroom 1725 on July 20, 2015. At that time, the parties shall be prepared to set a case schedule to expeditiously resolve the remaining issues before this Court.

IT IS SO ORDERED

Dated:  July 17, 2015

_____
Judge John Robert Blakey
United States District Court