**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| R&G PROPERTIES, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | Case No. 09 B 37463 |
| | ) | |
| | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| REPUBLIC BANK OF CHICAGO, | ) | Adv. No.   12-01491 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MICHAEL K. DESMOND, not individually but as | ) | |
| Trustee and DELTA TRADING COMPANY, INC. | ) | |
| An Illinois corporation, | ) | |
| | ) | Case No. 13-cv-06835 |
| Defendants. | ) | |
| | ) | Hon. John Robert Blakey |
| | ) | |
| MICHAEL K. DESMOND, not individually, | ) | Magistrate Hon. Susan E. Cox |
| but solely in his capacity as Chapter 7 Trustee, | ) | |
| | ) | |
| Defendant-Counterplaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REPUBLIC BANK OF CHICAGO, | ) | |
| | ) | |
| Plaintiff-Counterdefendant. | ) | |

## TRUSTEE'S MOTION *IN LIMINE*

Defendant-Counterplaintiff Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of R&G Properties (the "Debtor"), by and through his attorneys, moves this honorable Court to limit certain testimony by Robert M. Charal, and in support thereof states as follows:

1

On September 29, 2015, Michael K. Desmond conferred with Edward Freud, counsel for Plaintiff-Counterdefendant Republic Bank of Chicago ("Republic Bank"). on the parties' proposed motions *in limine* and other evidentiary issues. Republic Bank intends to offer the evidence that the Trustee seeks to exclude by this motion, and no agreements were reached by the parties over evidentiary issues.

**A. Motion *in Limine* to Bar Irrelevant Testimony by Robert M. Charal.**

1.    According to Republic Bank's supplemental disclosures and the proposed pre-trial order, Robert M. Charal ("Charal") will testify "concerning Republic Bank's acquisition of certain assets, including its assumption of the Lease, from the FDIC in its capacity as Receiver of Citizen's Bank and Trust Company, a failed bank pursuant to a Purchase and Assumption Agreement by and between the FDIC as Receiver and Republic Bank."

2.    First, Mr. Charal's testimony on these issues should be barred simply because it fails the basic test for relevance under Federal Rule of Evidence 401. These matters are neither at issue nor relevant to either Count I or Count III of the Trustee's Amended Counterclaims, and would only serve to cloud and obscure what are otherwise simple issues before this Court at trial.

3.    Count I of the Trustee's Amended Counterclaim is a claim for breach of lease. [*Dkt. No.* 23, pp. 2-4.]   The elements of such a claim under Illinois law are: (1) the existence of a valid contract; (2) the performance of the contract by plaintiff; (3) the breach of the contract by defendant; and (4) a resulting injury to the plaintiff. *Priebe v. Autobarn Ltd.,* 240 F.3d 584, 587 (7th Cir.2001); *Manufacturers Life Ins. Co. (U.S.A.) v. Mascon Info. Technologies Ltd.*, 270 F. Supp. 2d 1009, 1013 (N.D. Ill. 2003).   Testimony and argument concerning "Republic Bank's acquisition of certain assets, including its assumption of the Lease, from the FDIC in its capacity as

Receiver of Citizen's Bank and Trust Company, a failed bank pursuant to a Purchase and Assumption Agreement by and between the FDIC as Receiver and Republic Bank" has nothing to do with any of these elements, and fails the basic test for relevance under Federal Rule of Evidence 401 – it has no tendency to make a fact more or less probable than it would be without the evidence and the testimony is not of consequence in determining the action. *See* Fed.R.Evid. 401. Republic Bank has already admitted in its Answer to the Trustee's Amended Counterclaim that the Lease is valid and enforceable, [*See Dkt. No.* 49, ¶11], and the suggested subjects of Mr. Charal's testimony have nothing at all to do with the performance of the contract by the Trustee, breach of the contract by Republic Bank, and a resulting injury to the bankruptcy estate.

4.     Such testimony is also irrelevant to Count III of the Trustee's Amended Counterclaim.   Count III seeks statutory damages pursuant to 735 ILCS 5/9-202 against Republic Bank for such time as Republic Bank willfully held over in possession of the Property. [*Dkt. No.* 23, p. 6.]   Count III of the Trustee's Amended Counterclaim seeks damages for Republic Bank's possession of the Property from April 24, 2014 through November 30, 2014 – the period of Republic Bank's possession of the Property after Judge Guzman held that "[b]ecause the clear and unambiguous contract language precludes assignment of the purchase option, Republic, as assignee of the Lease, could not exercise the option."   Testimony on these issues by Mr. Charal is entirely irrelevant to the issues of whether the Trustee complied with Section 9-202's statutory requirements, the measure of damages under Section 9-202, or whether Republic Bank's possession of the Property during this period was "willful" under the meaning of Section 9-202.

5.      Second, even if such topics are relevant, Mr. Charal's testimony on these issues should be barred under Federal Rule of Evidence 403 because any probative value is substantially outweighed by a danger of confusing the issues, undue delay, and wasting time.

6.      The parties have already stipulated that: (a) on or about April 23, 2015, the FDIC was appointed receiver of Citizens Bank and Trust Company of Chicago, [Bankr. Adv. Case No. 12-01491, *Dkt. No*. 38, ¶21]; (b) on April 23, 2010, Republic Bank entered into a Purchase and Assumption Agreement with the FDIC, as Receiver, pursuant which Republic Bank purchased all of the deposits of Citizens Bank and obtained an option to assume the Lease to the Property from the FDIC, [*Id*. at ¶23]; and (c) Republic Bank, by letter dated September 21, 2010 to the FDIC, notified the FDIC of its election to assume the Lease for the Property from the FDIC. [*Id*. at ¶24.] Accordingly, testimony on issues that have already been stipulated to well in advance of trial would only lead to unnecessary testimony and would waste time that could be devoted to the actual claims and defenses before the Court at trial.

7.      Further, testimony on these topics would only serve to cloud the issues before the Court.   Testimony "concerning Republic Bank's acquisition of certain assets, including its assumption of the Lease, from the FDIC in its capacity as Receiver of Citizen's Bank and Trust Company, a failed bank pursuant to a Purchase and Assumption Agreement by and between the FDIC as Receiver and Republic Bank" would only be relevant to claims by Republic Bank that it had a right to exercise the Purchase Option in the Lease.   However, Judge Guzman previously held that "[b]ecause the clear and unambiguous contract language precludes assignment of the purchase option, Republic, as assignee of the Lease, could not exercise the option." [*Dkt. No.* 16, p.4.]

4

8.     Therefore, any testimony by Mr. Charal "concerning Republic Bank's acquisition of certain assets, including its assumption of the Lease, from the FDIC in its capacity as Receiver of Citizen's Bank and Trust Company, a failed bank pursuant to a Purchase and Assumption Agreement by and between the FDIC as Receiver and Republic Bank" should be barred under Federal Rule of Evidence 403 because its probative value is substantially outweighed by a danger of confusing the issues, undue delay, and wasting time.

WHEREFORE, Defendant-Counterplaintiff Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of R&G Properties, respectfully requests that the Court enter an order barring testimony by Robert Charal on matters "concerning Republic Bank's acquisition of certain assets, including its assumption of the Lease, from the FDIC in its capacity as Receiver of Citizen's Bank and Trust Company, a failed bank pursuant to a Purchase and Assumption Agreement by and between the FDIC as Receiver and Republic Bank."

**B. Motion *In Limine* to Bar as Irrelevant Any Testimony By Robert M. Charal as to the Option to Purchase the Property and Republic Bank's Attempted Exercise of the Option to Purchase the Property.**

9.     Any testimony by Mr. Charal's as to the option to purchase the Property and Republic Bank's attempted exercise of the option to purchase the Property should be barred as irrelevant under Federal Rule of Evidence 401.   Under Federal Rule of Evidence 401, evidence is relevant if: (a) it has any tendency to make a fact more or less probably than it would be without the evidence; and (b) the fact is of consequence in determining the action. F.R.E. 401.   In this case, neither the option to purchase in the Lease nor Republic Bank's attempted exercise of the option

have any tendency to make a fact more or less probable than it would be without the evidence and are not of any consequence in determining the Trustee's amended counterclaims.

10.     First, the purchase option issue has already been ruled upon and is simply no longer at issue in this case.   In the underlying adversary complaint, Republic Bank sought a declaration that it timely and properly exercised the option to purchase the Property contained in the Lease, and sought to compel the Trustee to specifically perform the option and convey the Property to Republic Bank. [Bankr. Adv. Case No. 12-01491, *Dkt. No.* 1.]   The parties agreed to expedite the resolution of the proceeding by submitting cross-motions for summary judgment on the issue of whether Republic Bank had the right to purchase the Property pursuant to the purchase option. On April 21, 2014, Judge Guzman granted the Trustee's motion for Summary Judgment on Counts I and II of Republic Bank's complaint and denied Republic Bank's motion for summary judgment finding that "[b]ecause the clear and unambiguous contract language precludes assignment of the purchase option, Republic, as assignee of the Lease, could not exercise the option." [*Dkt. No.* 16, p. 4.]

11.     Second, the only remaining claims in this case are the Trustee's Amended Counterclaims for damages for breach of the Lease (Count I) and statutory damages pursuant to 735 ILCS 5/9-202 against Republic Bank for such time as Republic Bank willfully held over in possession of the Property (Count III). [*Dkt. No. 23*, pp.2-6.]   The existence of the purchase option, Republic Bank's attempt to exercise the purchase option, and even Republic Bank's inability to exercise the purchase option, is of absolutely no consequence in the determination of either of the Trustee's remaining counterclaims.   Republic Bank has already admitted in its Answer to the Trustee's Amended Counterclaim that the Lease is valid and enforceable, [*See Dkt.*

No. 49, ¶11], and testimony concerning the existence of the purchase option and Republic Bank's attempt to exercise the purchase option have nothing at all to do with the performance of the contract by the Trustee, breach of the contract by Republic Bank, and resulting injury to the bankruptcy estate.

WHEREFORE, Defendant-Counterplaintiff Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of R&G Properties, respectfully requests that the Court enter an order barring testimony by Robert Charal as to the option to purchase the Property and Republic Bank's attempted exercise of the option to purchase the Property.

### C. Motion *in Limine* to Bar Testimony as to the Fair Rental Value of the Property in Contradiction with the Parties' Stipulations.

12.     In connection with the Trustee's Amended Counterclaim, on May 21, 2014, the Trustee filed the Trustee's Motion for Payment of Use and Occupancy seeking, pursuant to 735 ILCS 5/9-201, payment from Republic Bank of a fair and reasonable satisfaction for Republic Bank's use and occupancy of the Property. [*Dkt. No.* 24.]

13.     On September 4, 2014, Judge Guzman entered an order directing Republic Bank to "pay to the Trustee $460,000.00 as an interim award for use and occupancy for the Property from October 1, 2012 to August 31, 2014," as well as "$20,000.00 per month as an interim award for use and occupancy of the Property until such time as Republic Bank vacates the Property or the Court adjudicates the right to possession of the Property." [*Dkt. No.* 48.]   In compliance with the Court's order of September 4, 2014, Republic Bank paid reasonable use and occupancy to the Trustee from October 1, 2012 through November 28, 2014 in the amount of $520,000.00.

14.     The September 4, 2014 order also referred the balance of the Trustee's motion for payment of use and occupancy to the Honorable Judge Susan E. Cox, Magistrate Judge, "for an evidentiary hearing and any other proceedings necessary to definitely resolve the issue of the fair and reasonable rental value for the Property." [*Dkt. No.* 48.]

15.     On or about November 8, 2014, the parties, desirous of foregoing the expense, inconvenience and risks associated with further litigation over the issue of the fair and reasonable rental value of the Property, engaged in negotiations and entered into an agreed stipulation (the "Agreed Stipulation") that: (a) the fair and reasonable base rental value for the Property is $20,000 per month on a triple net basis and $240,000.00 on an annual basis; (b) the terms and provisions of the Agreed Stipulation will apply to the Trustee's motion for payment of use and occupancy as well as for any other dispute in this litigation where the issue of the fair rental value of the Property may arise; and (c) any and all other claims and defenses of the parties were expressly reserved. [*Dkt. No.* 56.]

16.     At trial, the parties are bound by the terms of the Agreed Stipulation. *See Graefenhain v. Pabst Brewing Co.*, 870 F.2d 1198, 1206 (7th Cir. 1989) ("once made, a stipulation is binding unless relief from the stipulation is necessary to prevent a 'manifest injustice' or the stipulation was entered into through inadvertence or based on an erroneous view of the facts or law."). Therefore, to the extent that the issue of the fair rental value of the Property arises in connection with either of the Trustee's remaining counterclaims, the Court should bar any testimony by Mr. Charal as to the fair rental value of the Property contrary to the express terms of the Agreed Stipulation.

WHEREFORE, Defendant-Counterplaintiff Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of R&G Properties, respectfully requests that the Court enter an order barring testimony by Robert M. Charal as to the Fair Rental Value of the Property in Contradiction with the Parties' Stipulations.

Dated:   September 30, 2015                          Respectfully submitted,

**MICHAEL K. DESMOND, not individually, but as Chapter 7 Trustee for the Bankruptcy Estate of R&G PROPERTIES**

By:   _/s/ William G. Cross_
     One of His Attorneys

James R. Figliulo (#6183947)
Marc S. Porter (#3125509)
William G. Cross (#6299574)
Figliulo & Silverman, P.C.
10 South LaSalle Street, Suite 3600
Chicago, IL   60603
312.251.4600
312.251.4610