IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re ) | Chapter 7 |
| R&G PROPERTIES, ) | |
| Debtor, ) | Case No. 09-37463 |
| ) | |
| REPUBLIC BANK OF CHICAGO, ) | Hon. A. Benjamin Goldgar |
| Plaintiff, ) | |
| ) | Adv. No. 12-01491 |
| v. ) | |
| ) | |
| MICHAEL K. DESMOND, not individually but as ) Trustee and DELTA TRADING COMPANY, INC., ) an Illinois corporation, ) | |
| Defendants. ) | |
| ) | Case No. 13-cv-06835 |
| MICHAEL K. DESMOND, not individually but solely ) in his capacity as Chapter 7 Trustee, ) | Hon. John R. Blakey |
| ) | |
| Defendant-Counterplaintiff, ) | Magistrate Hon. Susan E. Cox |
| v. ) | |
| ) | |
| REPUBLIC BANK OF CHICAGO, ) | |
| ) | |
| Plaintiff-Counterdefendant. ) | |

## REPUBLIC BANK'S RESPONSE TO TRUSTEE'S
## MOTION IN LIMINE

Now comes the counter-defendant Republic Bank of Chicago ("Republic Bank") by its attorneys Ruff, Freud, Breems & Nelson, Ltd., and for its Response to the Trustee's Motion in limine, states as follows:

## THE MOTION IN LIMINE MISSTATES
## THE PROPOSED TESTIMONY OF ROBERT CHARAL

1. The Trustee has filed a Motion in limine devoid of appropriate case law or any meaningful reference to the Federal Rules of Evidence. Even worse, the Trustee has conjured proposed testimony of Mr. Robert Charal which has no basis in fact. Specifically, the proposed Pretrial order discloses Mr. Charal's proposed testimony as follows:

> (1) Robert M. Charal
> Director and Executive Vice President
> Republic Bank of Chicago
> 2221 Camden Court, Oak Brook, IL 60523
>
> Mr. Charal will testify concerning Republic Bank's acquisition of certain assets, including its assumption of a Lease attached as Exhibit "1" to the Trustee's amended counterclaim, from the Federal Deposit Insurance Corporation ("FDIC") in its capacity as Receiver of Citizen's Bank and Trust Company, a failed bank pursuant to a Purchase and Assumption Agreement by and between the FDIC as Receiver and Republic Bank. It was the Citizens Bank's Lease which initially brought Republic Bank into possession of the subject property commonly known as 5700 N. Central, Chicago, IL.
>
> Mr. Charal will also testify concerning Republic Bank's possession of the subject property from April 23, 2010 through November 28, 2014, including the interim payment of $520,000, subject to adjustment at final hearing, plus general real estate taxes, insurance and maintenance. Mr. Charal will also testify concerning the authenticity and genuineness of Exhibits "A" and "B" attached to Republic Bank's answer to the Trustee's amended counterclaim and the regulatory requirements that the bank must meet as a federally insured institution prior to the closure of a bank facility as well as those other factual questions relating to the Trustee's amended counterclaim and Republic Bank's answer and affirmative defense."

2. It is beyond dispute that Mr. Charal has no intention of offering evidence concerning the Option to purchase the Property or Republic Bank's attempt at exercising the Option (Trustee's Motion in limine, Part B, p.5-7). Equally erroneous, is the assertion that Mr. Charal should be barred from testifying in contradiction to the parties' Stipulation concerning the fair rental value of the Property payable to the Trustee as an interim award pending trial (Trustee's Motion in limine, Part C, p.7-9) when he has no intent to challenge the Stipulation.

3. Rather, the expected testimony of Mr. Charal concerning Republic Bank's acquisition of assets, including the Citizen's Bank Lease, is meant to demonstrate Mr. Charal's personal knowledge of the Lease transaction from its inception to the current date. Furthermore, as more fully explained below, Mr. Charal's testimony will relate largely to Count III of the Trustee's amended counterclaim and particularly Republic Bank's affirmative defense to that count. The Trustee's Motion in limine fails to inform the Court of the affirmative defense, the allegations thereof, and Mr. Charal expected testimony relating to that affirmative defense (Trustee's Motion in limine, Part A, p.1-5).

4. Furthermore, any reference that Mr. Charal may make concerning the genesis of the Lease transaction is substantively no different than the Trustee's disclosure of his expected testimony. Specifically, in the proposed Pretrial order the Trustee states that he expects to testify in pertinent part as follows:

> "Michael K. Desmond, not individually but solely in his capacity as Chapter 7 for the bankruptcy estate of R&G Properties: Mr. Desmond will testify regarding the R&G properties bankruptcy proceeding, the Property at 5700 N. Central, Chicago, Illinois, the lease <u>and the matters alleged in the adversary proceeding</u> and the Trustee's counterclaims". [Emphasis Supplied]

5. As the record clearly reflects, the matters alleged in the Adversary Proceeding initiated by Republic Bank dealt almost exclusively with the Option to purchase contained in the Lease and Republic Bank's effort to exercise that Option. In light of the Trustee's expected testimony relating to the Adversary Proceedings and the detailed stipulation of uncontested facts jointly filed by the parties (See Trustee's Motion in limine, ¶6), it is impossible to understand the Trustee's concern as expressed in the Motion in limine. After all, this is a bench trial and the Trustee's concern about a "danger of confusing the issues" (Motion in Limine, p.5) is wholly misplaced. In any event, the Trustee's Motion in limine totally misstates Mr. Charal's proposed

testimony.

## MR. CHARAL'S PROPOSED TESTIMONY LARGELY RELATES TO COUNT III AND REPUBLIC BANK'S AFFIRMATIVE DEFENSE

6. Count III is the Trustee's second effort to capture windfall damages in the form of double rental from Republic Bank, the first effort being summarily rejected by District Court Judge Guzman on the pleadings [Dkt. 43, p.3], the court finding that the double rent provision contained in §12 of the Lease is "unenforceable as a penalty".

7. In Count III of the amended complaint, the Trustee alleges statutory penal damages pursuant to 735 ILCS 5/9-202 of the Code of Civil Procedure. Specifically, the Trustee alleges that shortly after the order of summary judgment in the Trustee's favor, on May 20, 2014, the Trustee made written demand upon Republic Bank for immediate possession of the Property but that the bank "continues to willfully withhold possession of the Property from the Trustee". [Dkt. 23, p.6].

8. Mr. Charal's testimony will be directed to the applicability of this penal holdover statute to the facts and circumstances of this case. One of the leading Illinois cases interpreting the holdover statute is *JM Beals Enterprise, Inc., v. Industrial Hard Chrome Ltd.*, 271 Ill.App.3d 257 (1st Dist. 1995). In *Beals* the court found that the statutory requirement of "willfulness" will generally require a finding of "bad faith". On the other hand, where a tenant remains in possession for a colorably justifiable reason, the tenant should not be charged the penalty under the statute.

9. Mr. Charal will testify that a federally insured financial institution such as Republic Bank has the obligation under both federal and state law to satisfy certain condition precedents prior to the closing of a bank facility. In that regard, Mr. Charal will testify, that, as

set forth in Republic Bank's affirmative defense, written notification must be given to the Federal Deposit Insurance Corporation and the Illinois Department of Financial and Professional Regulation of an intent to close a facility, and upon approval, depositors of the branch facility must be given a minimum 90 days prior notice of the facility's closure. The closure must also be proceeded by a meeting by the Board of Directors of Republic Bank who must authorize the closure.

10. In short, a federally insured financial institution cannot unilaterally or abruptly close its doors. To the contrary, the integrity of the banking industry and the confidence reposed in retail banks by depositors is dependent upon an orderly and transparent transition to closure.

11. In addition, the court in *Beals* ruled that if a tenant stays in possession for a colorably justifiable reason, it is not a holdover tenant within the meaning of the double rent holdover statute. In its order of September 4, 2014 [Dkt. No.48], Judge Guzman ruled that:

> "Republic Bank shall pay to the Trustee $460,000 as an interim award for use and occupancy for the property for the period from October 1, 2012 to August 31, 2014..."

Judge Guzman further ruled that:

> "Republic Bank is further ordered to pay to the Trustee $20,000 per month on or before the fifth of each month beginning September 1, 2014 as an interim award for use and occupancy of the Property until such time as Republic Bank vacates the Property or the Court adjudicates the right to possession..."

12. The obligation of a tenant to pay reasonable use and occupancy to the landlord as an interim award pending trial is based upon the Forcible Entry and Detainer Act, 735 ILCS 5/9-201 and was relied upon by the Trustee in his Motion for Payment of an Interim Award for Reasonable Use and Occupancy.

13. As Mr. Charal will aslo testify at no time prior to November 28, 2015 did the Trustee seek summary judgment or a hearing on the issue of possession. Rather, the Trustee

accepted the substantial interim award for use and occupancy of the Property each and every month until Republic Bank vacated, without objection. The court's order of September 4, 2014 [Dkt. No.48] which related to Republic Bank's payment of use and occupancy allowed it to remain in possession "until such time as Republic Bank vacates the Property or the Court adjudicates the right to possession" [Dkt. No.48]. This order provided the bank with colorable justification for remaining in possession until it voluntarily vacated. Indeed, no order of possession was ever issued.

14. Mr. Charal's proposed testimony is relevant and material, not confusing, and certainly not lengthy. In all respects, the Trustee's Motion in limine should be denied.

Wherefore, the counter-defendant Republic Bank of Chicago prays that this Honorable Court deny the Motion in limine of the Trustee concerning the expected testimony of Mr. Robert Charal as disclosed.

                                  Republic Bank of Chicago

By:     /s/ Edward P. Freud
           One of its Attorneys

Edward P. Freud
Ruff, Freud, Breems & Nelson, Ltd.
200 North LaSalle Street, Suite 2020
Chicago, IL 60601
ARDC No. 0876712
(312) 602-4890