**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| R&G PROPERTIES, | ) | CHAPTER 7 |
| | ) | |
| Debtor. | ) | Case No. 09 B 37463 |
| | ) | |
| ―――――――――――――――――― | ) | Honorable A. Benjamin Goldgar |
| | ) | |
| REPUBLIC BANK OF CHICAGO, | ) | Adv. No.   12-01491 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| MICHAEL K. DESMOND, not individually but as | ) | |
| Trustee and DELTA TRADING COMPANY, INC. | ) | |
| An Illinois corporation, | ) | |
| | ) | Case No. 13-cv-06835 |
| Defendants. | ) | |
| ―――――――――――――――――― | ) | Hon. John Robert Blakey |
| | ) | |
| MICHAEL K. DESMOND, not individually, | ) | Magistrate Hon. Susan E. Cox |
| but solely in his capacity as Chapter 7 Trustee, | ) | |
| | ) | |
| Defendant-Counterplaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| REPUBLIC BANK OF CHICAGO, | ) | |
| | ) | |
| Plaintiff-Counterdefendant. | ) | |

**TRUSTEE'S RESPONSES TO REPUBLIC BANK'S MOTIONS *IN LIMINE***

Defendant-Counterplaintiff Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of R&G Properties (the "Debtor"), by and through his attorneys, hereby submits his responses to

1

Plaintiff-Counterdefendant Republic Bank of Chicago's ("Republic Bank's") motions *in limine*, and states as follows:

**Motions *in Limine* Nos. 1, 2, and 3**

Republic Bank's first motion *in limine* seeks to bar the Trustee from introducing evidence, or referring in any way, to "the Trustee's purported damages concerning any claim of Delta for the payment of interest on its mortgage indebtedness from the Bankruptcy Estate." [Dkt. No. 100, pp. 1-2.] Republic Bank's second motion *in limine* seeks to bar the Trustee from introducing evidence concerning "the claim of Delta Trading Company for attorney's fees as an item of the Trustee's damages." [Dkt. No. 100, pp. 16-17]. Republic Bank's third motion *in limine* seeks the same relief sought in the first and second motions, but for the additional reason that the District Court is not the appropriate forum to resolve Delta's claim in the bankruptcy case. [Dkt. No. 100, pp. 25-27.] Because Republic Bank's motions *in limine* numbers 1, 2, and 3 seek substantially the same relief and are based on the same arguments, the Trustee will address these three motions together.

First, Republic Bank argues, without legal support, that evidence of damages based on interest accrued on Delta's mortgage should be barred because the Trustee failed to allege in the Amended Counterclaim that the bankruptcy estate would be liable to Delta for such interest. [Dkt. No. 100, pp. 5, 23.] However, "[a] plaintiff is generally not required to itemize his damages claim in his complaint." *LINC Finance Corp v.Onwuteaka*, 129 F.3d 917, 922 (7th Cir. 1997) (quoting *Avitia v. Metropolitan Club of Chicago, Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995)). Unlike the Trustee's claims for attorneys' fees, claims for damages based on interest accrued on Delta's mortgage need not be specifically plead. Pursuant to Delta's loan documents, the bankruptcy estate is liable for interest on the unpaid balance of the note – the mortgage held by Delta, which is

2

secured by the Property, [Dkt. No. 23, ¶17], expressly provides for interest on the unpaid balance of the note. [Bankr. Adv. Case No. 12-01491, Dkt. No. 38, Ex. 10.] Republic Bank has previously stipulated to the authenticity of the mortgage and promissory note held by Delta. [*Id*. at ¶¶17-18, Exh's 9-12.] The bankruptcy estate has suffered, and continues to suffer, damages in the form of accrued interest on Delta's mortgage as a result of Republic Bank's wrongful possession of the Property and by the Trustee's resulting inability during that time to effectively market the Property for sale. Accordingly, the Trustee should not be barred on this basis from presenting evidence of evidence of damages based on interest accrued on Delta's mortgage.

Second, Republic Bank seeks to exclude the Trustee's damage claims concerning Delta on the bases that Delta is an undersecured creditor and is precluded from seeking either post-petition interest on its claim from the bankruptcy estate under 11 U.S.C. § 502(b), [Dkt No. 100, pp.5-6], or attorneys' fees on its bankruptcy claim under 11 U.S.C. § 506(b). [*Id*. at pp. 18-19.] First, Republic Bank provides no legal support for its argument that Delta's motion for relief from the automatic stay is conclusive as to the value of the Property and any determination under Section 506(a) of the Bankruptcy Code of whether Delta's claim is secured, undersecured, or entirely unsecured. Rather, "[i]t is clear from a reading of section 506 of the Bankruptcy Code and its accompanying legislative history that estimates of value made during bankruptcy proceedings are 'binding only for the purposes of the specific hearing and…[do] not have a *res judicata* effect' in subsequent hearings." *In re Snowshoe Co., Inc.*, 789 F.2d 1085, 1088-89 (4th Cir. 1986) (quoting S.Rep. No. 95-989, 95th Cong., 2d Sess. 54, *reprinted in* 1978 U.S.C.C.A.N. 5787, 5840); *see also In re Schreiber*, 163 B.R. 327, 332 (Bankr. N.D.Ill. 1994) ("As valuation is ascertained dependent on the purpose for evaluation and case circumstances, value of the property securing a claim, and thus the allowed amount of the secured claim, may change during the course of a

3

bankruptcy case.")). Therefore, the value of the Property given in Delta's motion for relief from the automatic stay, and thus the determination of whether there was any equity in the Property, would not be conclusively binding upon the Bankruptcy Court making a determination under Section 506(a) of the Bankruptcy Code. Additionally, the Bankruptcy Court's order granting Delta relief from the automatic stay makes no finding as to the value of the Property or whether Delta's claim is secured, undersecured, or entirely unsecured.

This line of argument also belies a misunderstanding of the evidentiary effect of Delta's proof of claim. Under Rule 3001(f) of the Federal Rules of Bankruptcy Procedure, "[a] proof of claim executed and filed in accordance with these rules shall constitute *prima facie* evidence of the validity and amount of the claim." Fed.R.Bankr.P. 3001(f). However, the evidentiary effect under Rule 3001(f), however, is limited to the "validity and amount" of the total, unbifurcated debt, and does not establish the value of the secured collateral. *In re Duggins*, 263 B.R. 233, 238-39 (Bankr. C.D. Ill. 2001) (citing *In re Hudson*, 260 B.R. 421, 431 (Bankr. W.D. Mich. 2001)). "Nothing in the Bankruptcy Code or [Bankruptcy] Rules gives any evidentiary effect to a secured creditor's asserted value of [its] collateral." *In re Hudson*, 260 B.R. at 431. While the claims allowance process under Section 502 of the Bankruptcy Code gives presumptive effect of the validity and amount of a properly filed claim, the determination of the secured status of a claim – whether the claim is fully secured, undersecured, or entirely unsecured – is instead governed by Section 506(a) of the Bankruptcy Code. Therefore, something more than merely filing a claim is needed to determine the value of an allowed secured claim under Section 506(a) of the Bankruptcy Code. *In re Hudson*, 260 B.R. at 431. The Bankruptcy Court has not made any determination under Section 506(a) of the Bankruptcy Code as to the valuation of the collateral securing Delta's

4

mortgage and has made no determination whether the claim is fully secured, undersecured, or entirely unsecured.

Indeed, an analysis of Delta's outstanding loan balance, attached hereto as **Exhibit A**, reveals that Delta may *not* be undersecured. According to Delta's proof of claim, the balance of the mortgage note was $8,894.235. [Bankr. Case No. 09-37463, Claim No. 19.] During the Debtor's bankruptcy case, sales of properties which cross-collateralized Delta's mortgage secured by the Property resulted in proceeds of $2,937,968.16. [*Id.*, Dkt. Nos. 844, 860, 901]. At a judicial sale on November 21, 2014, Delta was the highest bidder for the sale of additional properties which cross-collateralized Delta's mortgage with a total credit bid of $2,525,000.00.[1] [Order Approving Sale and Distribution, Confirming Judicial Sale and Order of Possession, dated January 9, 2015, *Delta Trading Company v. R&G Properties, et al.*, 2014 CH 01986.] After receipt of the sale proceeds, application of Delta's credit bit at judicial sale, and the turnover of excess cash collateral to Delta during the Debtor's bankruptcy case, [*see* Bankr. Case No. 09-37463, Dkt. No. 813], the balance of Delta's loan has been reduced by approximately $5,762,968.16 for a net balance of $3,131,266.84. The Property is the remaining collateral securing Delta's mortgage. The Property has an estimated value of $2,400,000, and the Trustee is holding approximately $546,276.00 in Delta's cash collateral account. In addition, Delta may assert its lien against additional rents recovered by the Trustee from this litigation. Therefore, the Bankruptcy Court may find that remaining collateral securing Delta's mortgage to be *greater* than the remaining balance on the loan.

---

[1] This number reflects the actual credit bid by Delta. The Trustee reserves the right to seek adjustment based on the fair value of the properties.

Nevertheless, as Republic Bank correctly points out, the District Court's withdrawal of the reference of this case from the Bankruptcy Court did not include the adjudication of claims, [Dkt. No. 100, p. 6], including the valuation of allowed secured claims under Section 506(a) of the Bankruptcy Code. Therefore, this Court should not take up the task of determining the value of Delta's collateral and whether Delta's claim is fully secured, undersecured, or entirely unsecured where the Bankruptcy Court has not. Accordingly, the Trustee should not be barred on this basis from introducing evidence concerning damages to the bankruptcy estate from accruing interest on Delta's mortgage or evidence of attorneys' fees incurred by Delta in connection with this litigation commenced by Republic Bank.

Republic Bank further argues, again without legal support, that the Trustee cannot claim as damages interest expenses and attorneys' fees incurred by Delta which have not already been paid by the bankruptcy estate, nor assessed by the Bankruptcy Court against the Debtor's bankruptcy estate. [Dkt. No. 100, pp. 6, 18.] This argument is simply without merit, and whether the accrued interest and attorneys' fees have been paid or assessed by the Bankruptcy Court is irrelevant to the Trustee's right to recovery from Republic Bank. The Lease expressly provides that the Trustee is entitled to recover attorneys' fees in connection with this litigation. Paragraph 15 of the Lease provides that:

> Lessee shall pay upon demand all Lessor's costs, charges and expenses, including fees of attorneys, agents and others retained by Lessor, incurred in enforcing any of the obligations of Lessee under this lease or in any litigation, negotiation or transaction in which Lessor shall, without Lessor's fault, become involved or on account of this lease.

[Bankr. Adv. Case No. 12-01491, Dkt. 38, Ex. 2.] In its answer to the Amended Counterclaim, Republic Bank has admitted to the validity and enforceability of the Lease, [Dkt. No. 49, ¶11], and to the existence of the fee shifting provision in Paragraph 15 of the Lease. [*Id.* at ¶16.]

6

Additionally, pursuant to Delta's loan documents, the bankruptcy estate is liable for interest on the unpaid balance of the note – the mortgage held by Delta expressly provides for interest on the unpaid balance of the note. [Bankr. Adv. Case No. 12-01491, Dkt. No. 38, Ex. 10.] Republic Bank has previously stipulated to the authenticity of the mortgage and promissory note held by Delta. [*Id*. at ¶¶17-18, Exh's 9-12.] Republic Bank simply provides no factual or legal basis for its contention that the Trustee may neither seek nor recover contract-based damages to which he is entitled unless and until such amounts are assessed against the bankruptcy estate. Accordingly, the Trustee should not be barred on this basis from introducing evidence concerning damages to the bankruptcy estate from accruing interest on Delta's mortgage or evidence of attorneys' fees incurred by Delta in connection with this litigation commenced by Republic Bank.

Lastly, Republic Bank's argument that "the instant case is not the proper forum for Delta to pursue its claim against the Bankruptcy Estate," [Dkt. No. 100, pp.23-24], misunderstands the claims in this case. Neither the Trustee nor Delta is attempting to resolve Delta's claim in the bankruptcy case. In fact, no party in interest has objected to Delta's claim in the bankruptcy case. Instead, the Trustee is seeking to recover actual damages caused by Republic Bank's holdover tenancy and withholding of the Property following termination of the Lease, which include accrued mortgage interest and attorneys' fees for which the bankruptcy estate is liable under Delta's mortgage and note. Mr. Fimoff and Mr. Kohanchi are being offered as witnesses by the Trustee to support the bankruptcy estate's damage claims, not Delta's own claim in the bankruptcy case. Republic Bank has simply offered no sufficient legal or factual basis to exclude the testimony of either Mr. Fimoff or Mr. Kohanchi. Accordingly, the Trustee should not be barred on this basis from introducing evidence concerning damages to the bankruptcy estate from

7

accruing interest on Delta's mortgage or evidence of attorneys' fees incurred by Delta in connection with this litigation commenced by Republic Bank.

WHEREFORE, Defendant-Counterplaintiff Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of R&G Properties, respectfully requests that the Court deny Plaintiff-Counterdefendant Republic Bank of Chicago's motions *in limine* numbers 1, 2, and 3.

**Motion *in Limine* No. 4**

In its fourth motion *in limine*, Republic Bank seeks to bar the Trustee from introducing any evidence relating to recovery of attorneys' fees and costs incurred by the bankruptcy estate in this litigation. [Dkt. No. 100, pp. 25-27.] Republic Bank also seeks to bar certain of the Trustee's proposed trial exhibits related to attorneys' fees and expenses, including fee applications and bankruptcy court orders approving the interim applications. [*Id.*][2]

Although Republic Bank is correct that reference of the determination of compensation has not been withdrawn in this matter, [*Id.* at p. 26], the Trustee is not asking the District Court to award attorneys' fees and costs or make any ruling on fee applications which have already been allowed by the Bankruptcy Court. Rather, the interim fee applications and related orders are being offered by the Trustee simply as evidence in support of fees incurred by the bankruptcy estate in this litigation. Paragraph 15 of the Lease expressly provides that the Trustee is entitled to "all…costs, charges and expenses, including fees of attorneys…incurred in enforcing any of the obligations of Lessee under this lease or in any litigation" involving the Lease. [Bankr. Adv. Case

---

[2] Although Republic Bank seeks to bar exhibit numbers 16, 17, and 18, the first, second, and third interim applications for allowance and payment of compensation and reimbursement of expenses of Figliulo & Silverman, P.C. are exhibit numbers 13, 14, and 15, respectively. Further, although Republic Bank seeks to bar exhibit numbers 24, 25, and 26, the orders granting the first, second, and third interim applications are exhibit numbers 23, 22, and 21, respectively.

No. 12-01491, Dkt. 38, Ex. 2.] In its answer to the Amended Counterclaim, Republic Bank has admitted to the validity and enforceability of the Lease, [Dkt. No. 49, ¶11], and to the existence of the fee shifting provision in Paragraph 15 of the Lease. [*Id*. at ¶16.] Republic Bank is quick to forget that it commenced this litigation causing the Trustee and the bankruptcy estate to incur substantial legal fees and costs. That the fee applications were only approved on an interim basis by the Bankruptcy Court has absolutely no relevance to the Trustee's contractual right to recover attorneys' fees from Republic Bank in this litigation. Notably, Republic Bank did not object to the first and second fee applications filed by the Trustee's attorneys, and Republic Bank's objections to the third fee application were overruled by the Bankruptcy Court in their entirety. Accordingly, the Trustee should not be barred on this basis from introducing evidence relating to recovery of attorneys' fees and costs incurred by the bankruptcy estate in this litigation, nor should the Court bar the Trustee's exhibit numbers 21-26.

WHEREFORE, Defendant-Counterplaintiff Michael K. Desmond, not individually but solely in his capacity as Chapter 7 Trustee for the bankruptcy estate of R&G Properties, respectfully requests that the Court deny Plaintiff-Counterdefendant Republic Bank of Chicago's motion *in limine* number 4.

Dated:   October 7, 2015							Respectfully submitted,

**MICHAEL K. DESMOND, not individually, but as Chapter 7 Trustee for the Bankruptcy Estate of R&G PROPERTIES**

By:   */s/ William G. Cross*
        One of His Attorneys

James R. Figliulo (#6183947)
Marc S. Porter (#3125509)
William G. Cross (#6299574)
Figliulo & Silverman, P.C.
10 South LaSalle Street, Suite 3600
Chicago, IL   60603
312.251.4600
312.251.4610

10

## **CERTIFICATE OF SERVICE**

The undersigned attorney states that he caused the attached:

**TRUSTEE'S RESPONSES TO REPUBLIC BANK'S MOTIONS *IN LIMINE***

to be filed with the United States District Court's ECF filing system on October 7, 2015.  Counsel named below was served a copy of same via this Court's ECF notification system.


/s/ William G. Cross


Edward P. Freud
Michael Benjamin Bregman
Ruff, Freud, Breems & Nelson, Ltd.
200 N. LaSalle Street
Suite 2020
Chicago, Illinois 60601
*Counsel for Republic Bank of Chicago*

Phillip Shawn Wood
James B. Sowka
Michael Ryan Pinkston
Seyfarth Shaw LLP
131 South Dearborn Street
Suite 2400
Chicago, IL 60603
*Counsel for Republic Bank of Chicago*

Richard H. Fimoff
Richard Lee Stavins
Robert J. Trizna
Robbins, Salomon & Patt, Ltd.
180 N. LaSalle St.
Suite 3300
Chicago, IL   60601
*Counsel for Delta Trading Co., Inc.*