IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: R&G PROPERTIES, | ) Chapter 7 |
| Debtor. | ) |
| | ) Case No. 09 B 37463 |
| REPUBLIC BANK OF CHICAGO, | ) |
| | ) Honorable A. Benjamin Goldgar |
| Plaintiff, | ) |
| | ) Adv. No. 12-01491 |
| v. | ) |
| MICHAEL K. DESMOND, not individually but as Trustee, and DELTA TRADING COMPANY, INC., an Illinois corporation, | ) |
| Defendants. | ) |
| | ) Case No. 13-cv-06835 |
| MICHAEL K. DESMOND, not individually, but solely in his capacity as Chapter 7 Trustee, | ) |
| | ) Hon. John Robert Blakey |
| | ) Magistrate Judge Susan Cox |
| Defendant-Counterplaintiff, | ) |
| v. | ) |
| REPUBLIC BANK OF CHICAGO, | ) |
| Plaintiff-Counterdefendant. | ) |

**REPUBLIC BANK'S MOTION FOR APPROVAL OF
SUPERSEDEAS BOND FOR STAY PENDING APPEAL**

Plaintiff and Plaintiff-Counterdefendant Republic Bank of Chicago ("Republic"), by its counsel, hereby moves the Court for an Order approving a supersedeas bond and staying the enforcement of the following orders: the Final Money Judgment (Dkt. No. 128); the Final Memorandum Opinion (Dkt. No. 127); the Interlocutory Appeal Denial Order (Dkt. No. 89); the Reconsideration Denial Order (Dkt. No. 32); and the Interlocutory Order (Dkt. No. 16) (all of which are defined below and collectively referred to as the "Judgments"). In support of this Motion, Republic states as follows:

## BACKGROUND

### A.. Adversary Proceeding Procedural History

1. On October 1, 2012, Republic filed a complaint against Michael Desmond as Chapter 11 trustee ("Trustee") for the Debtor's bankruptcy estate seeking declaratory relief and specific performance regarding Republic's rights under a purchase option ("Purchase Option") for certain real property ("Property") owned by the Debtor's bankruptcy estate (A.P. 12-01491, Dkt. No. 1).[1] The complaint also named Delta Trading Company, Inc. ("Delta") as a defendant, because Delta purports to have acquired a mortgage on the Property after execution of the Lease. In the complaint Republic asserts that its rights under the Purchase Option have priority over Delta's alleged mortgage.

2. On November 12, 2012, the Trustee filed an amended answer and counterclaim, not only disputing the validity of the Purchase Option, but also asserting that if the Trustee was correct in his legal challenge to the FDIC's ability to transfer the Purchase Option, that Republic would owe additional damages, including attorneys' fees under the Lease (A.P. Dkt. No. 9).

3. On September 19, 2013, the Trustee filed a motion to withdraw the reference for the adversary proceeding out of concerns the Bankruptcy Court lacked constitutional and statutory authority to enter a final order on his counterclaims. (A.P. Dkt. No. 56). The U.S. District Court entered an order granting the Trustee's motion to withdraw the reference on November 5, 2013, and was assigned to the case (Dkt. No. 14).

---

[1] Citations to the docket for the Adversary Proceeding when it was pending before the Bankruptcy Court are referred to as "A.P. Dkt. No. --."

**B.     The Rulings**

4.     On April 21, 2014, the District Court entered a ruling ("Interlocutory Ruling") resolving certain cross motions for summary judgment in favor of the Trustee when it held that Republic could not enforce the Purchase Option (Dkt. No. 16).

5.     On May 19, 2014, Republic filed a motion to alter or amend the Interlocutory Ruling (Dkt. No. 20). The District Court entered an order ("Reconsideration Denial Order") denying the motion to alter or amend on June 9, 2014 (Dkt. No 32).

6.     On July 17, 2015, the District Court issued a memorandum opinion and order (Dkt. No. 89) ("Interlocutory Appeal Denial Order") denying Republic's request for an interlocutory appeal of the Interlocutory Order.

7.     On May 31, 2016, this Court issued that certain Memorandum Opinion and Order ("Final Memorandum Opinion") (Dkt. No. 127) and Judgment (Dkt. No. 128) ("Final Judgment") awarding a money judgment in favor of the Trustee in the amount of $516,375.02.

**ARGUMENT**

8.     Federal Rule of Appellate Procedure ("FRAP") 6(a) provides that "[a]n appeal to a court of appeals from a final judgment, order, or decree of a district court exercising [original jurisdiction under bankruptcy cases and proceedings] is taken as any other civil appeal under these rules." FRAP 8(a)(1)(B) provides that "[a] party must ordinarily move first in the district court for … approval of a supersedeas bond…."

9.     Because this action is a bankruptcy adversary proceeding, the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule(s)") are applicable. *See i.e. Phar-Mor, Inc. v. Coopers & Lybrand*, 22 F.3d 1228 (3d Cir. 1994). Pursuant to Bankruptcy Rule 7062 (which incorporates Federal Rule of Civil Procedure 62), enforcement of the Judgments is automatically stayed

3

14 days, or through and including June 14, 2016. *See* Bankruptcy Rule 7062(a). Bankruptcy Rule 7062(d) further provides that "the appellant may obtain a stay by supersedeas bond" and that "[t]he bond may be given upon or after the filing of the notice of appeal."[2]

10. Under Local Bankruptcy Rule 2070-1(A)(1) "every court-ordered bond … must be secured by," among other things, "the deposit of cash … in the amount of the bond." Moreover, where, as here, a judgment is for a sum of money, "a supersedeas bond must be in the amount of the judgment plus one year's interest at the rate provided in 28 U.S.C. § 1961, plus $500 to cover costs. *See* Local Bankruptcy Rule 2070-2(A).[3] The interest rate provided in 28 U.S.C. § 1961 is the rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of entry of the judgment. Here, that interest rate is 0.68%.[4]

11. In addition to the filing of this Motion, Republic will also be filing a notice of appeal from: (a) the Final Money Judgment (Dkt. No. 128); (b) the Final Memorandum Opinion (Dkt. No. 127); (c) the Interlocutory Appeal Denial Order (Dkt. No. 89); (d) the Reconsideration Denial Order (Dkt. No. 32); and (e) the Interlocutory Order (Dkt. No. 16). Republic's appeal challenges the Court's Judgments with respect to the rulings on the Purchase Option and the money judgment in favor of the Trustee. Republic thus seeks a stay of enforcement of the Judgments and, in furtherance of such a stay, seeks the Court's approval of a supersedeas bond pursuant to FRAP 8(a)(1)(B) and Bankruptcy Rule 7062.

---

[2] In addition, Bankruptcy Rule 8007(a)(2) proves that a motion for stay pending appeal may be filed "either before or after the notice of appeal is filed."

[3] The Local Rules for the District Court contain a similar provision. *See* Local Rule 62.1.

[4] *See* http://www.txnd.uscourts.gov/post-judgment-rates.

12. Based on Local Bankruptcy Rule 2070-2, the appropriate supersedeas bond amount for a stay of enforcement of the Judgments pending resolution of Republic's appeal is $520,386.37 ($516,375.02 money judgement plus one year's interest in the amount of $3,511.35 and $500 to cover costs). Nevertheless, Republic is prepared to post a bond of $550,000.00 in order to secure a stay pending appeal.

## CONCLUSION

WHEREFORE, Republic respectfully requests that the Court enter an Order: (1) approving a supersedeas bond in the total amount of $550,000.00; (2) staying the enforcement of all of the Judgments upon Republic's posting of such bond; and (3) granting Republic such other and further relief as the Court deems just.

Dated: June 8, 2016

Respectfully submitted,

REPUBLIC BANK OF CHICAGO

By: /s/ James B. Sowka
     One of Its Attorneys

P. Shawn Wood (6210455)
James B. Sowka (6291998)
SEYFARTH SHAW LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603-5577
Telephone: (312) 460-5000
Facsimile: (312) 460-7000

*Special Appellate Counsel for*
*Republic Bank of Chicago*